UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

           Plaintiff,

      v.

UBER TECHNOLOGIES, INC., et al.,

           Defendants.

Case No. 19-cv-03310-JSC

**ORDER RE: DISCOVERY DISPUTES**

Re: Dkt. Nos. 84, 85, 86

Now pending before the Court are three discovery dispute joint letters. (Dkt. Nos. 84, 85, 86.)

**1.  30(b)(6) Deposition Date (Dkt. No. 84)**

The Court interprets Plaintiff's motion as request, in part, that she be allowed more than seven hours of deposition time for Uber's 30(b)(6) witness. The request is granted. Given the nature of the case and relevant discovery, much of the information Plaintiff requires must come from a 30(b)(6) witness and it is unreasonable for Uber to hold Plaintiff to the seven-hour limit that is the default for every federal case, regardless of circumstances. Given that ruling, the parties must immediately meet and confer on the remaining three (of nine initial topics) on which the parties disagree. The meet and confer must occur by Thursday, June 24, 2021 and be at least by video. Any dispute as to those three topics must be raised with the Court by joint letter on or before June 30, 2021. In the meantime, the parties should schedule the Rule 30(b)(6) deposition on those nine topics for the month of July, which means Uber must prioritize and produce documents relevant to those topics prior to the deposition.

**2.  Uber's Interrogatory Responses (Dkt. No. 85)**

**Rogs 1-8**. Uber shall provide amended responses to interrogatories 1 through 8 on or

before June 28, 2021. A letter brief is not the place to respond to an interrogatory as Federal Rule of Civil Procedure 33 requires that interrogatories be answered under oath.

**Rogs 9-16.** Uber shall answer these interrogatories under oath as required by Rule 33. If that answer is that Uber does not know the answer or cannot find the answer then Uber shall so state under oath. If Uber can identify someone with second-hand knowledge then Uber shall identify that person; of course, if that person has second-hand knowledge, he or she may be able to identify a person with personal knowledge.

**Rogs 17-25.** Uber shall answer the interrogatories regarding the protocols and scripts in place at the time Mr. Sherman drove for Uber. Such protocols are relevant to Plaintiff's claim that Uber was negligent.

### 3. Uber's Responses to Document Requests (Dkt. No. 86)

Uber's insistence that it need not provide a date for when it will produce responsive documents is wrong. Federal Rule of Civil Procedure 34 states that a responding party must produce responsive documents by the date specified by the Rule or in the document response specify "another reasonable time." Fed. R. Civ. P. 34(2)(B). Uber has not specified any time, let alone a reasonable time. Uber shall produce all responsive documents by June 30, 2021 and supplemental written responses that specify whether any responsive documents are being withheld as privileged by that same date. As the joint letter was filed on June 1, 2021, Uber has had more than enough time to produce the responsive documents.

This Order disposes of Docket Nos. 84, 85, and 86.

**IT IS SO ORDERED.**

Dated: June 21, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge