# WALKUP, MELODIA, KELLY & SCHOENBERGER
Founded in 1959

September 13, 2021

Hon. Jacqueline Scott Corley
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: *Individual Letter Brief re Plaintiff's Requests for Production of Documents in Doe v. Uber, et al., Case No. 3:19-cv-03310-JSC*

Your Honor:

  Plaintiff Jane Doe submits this individual letter brief, pursuant to the Court's Informal Discovery Conference process, regarding Uber's response to Plaintiff Jane Doe's requests for production of documents.

**Relevant Timeline and Meet and Confer Efforts**

  After months of detailed meet-and-confer efforts, the parties agreed on the scope of the requests for production of documents. However, Uber was unable to give a date certain by which it would produce responsive documents. In response, the Court ordered, on June 21, 2021, that Uber "produce all responsive documents by June 30, 2021."

  At the CMC hearing on July 1, the Court made clear that Uber's view of what is discoverable in this case is too narrow. Although the Court did not make a formal ruling, the Court did provide guidance that the scope of relevant discovery is not limited to three years before the incident. The Court also explained that if Uber contends that a broader time frame is too burdensome, then it needs to provide data justifying that position.

  The parties have since engaged in further meet-and-confer efforts. To date, Uber has not produced responsive documents, in violation of the Court's June 21 order, as detailed below.

**Requests for Production 29-32 and 37-41**

  These requests seek analyses and risk assessments, which Plaintiff agreed on March 31 in meet-and-confer discussions to limit to "formal" analyses and risk assessments regarding the precise risks that materialized in the subject incident. Uber previously agreed to this scope. The Court then ordered production by June 30. However, in its supplemental responses dated June 30, Uber stated that it "will produce all non-

Hon. Jacqueline Scott Corley
September 13, 2021
Page 2

privileged documents responsive to this Request **for the time period of 2017-2018**" or that it "reasonably limited its search **to the time period of 2017-2018** and does not have any responsive documents for that time period." This is in violation of the Court's June 21 order and the Court's guidance at the July 1 CMC hearing, which specifically explained that Uber's time limitation is too narrow. Moreover, after reviewing Uber's production in detail, no responsive documents have been produced beyond the 2018 Uber Safety Report.

**Requests for Production 45 and 46**

These requests seek documents setting out Uber's taxonomies of incident types for the period 2011-2018. Uber limited its production to taxonomies in effect during 2017-2018. Again, Uber is ignoring the Court's guidance during the July 1 CMC. Such a limitation precludes Plaintiff from understanding how Uber's taxonomies have changed over time, which is pertinent to the parties' ongoing meet-and-confer efforts to develop mutually agreeable search terms.

**Requests for Production 57-70**

These requests seek warning and communications to riders on various relevant topics. Plaintiff agreed to limit these requests to direct communications to Plaintiff and her fiancé, and Uber agreed to produce responsive documents. However, none of the documents Uber produced are responsive. A number of the requests seek direct communications on specific topics, such as "prohibiting and/or discouraging Third Party Ride Requests." In response to these specific requests, Uber simply directed Plaintiff to the same set of documents that consist of either (1) non-responsive documents, such as Uber Eats advertisements, or (2) symbols and HTML code that are illegible. Given that Uber's production is non-responsive and illegible, Plaintiff requests that the Court order Uber to amend its response, e.g., to state it has no responsive documents, or produce responsive documents.

**Request for Production 71**

This request seeks all writings concerning Uber's decision to allow Third Party Ride Requests and the bases for that decision. The Court ordered Uber to produce all responsive documents by June 30. In violation of this order, Uber simply responded: "Uber is still searching for responsive documents." As part of the meet-and-confer discussions on this topic, Uber stated on August 3 that it has been unable to complete its search for responsive documents because certain files are damaged. Uber made the same statement again on August 10 and advised that it is working to repair the files but expected to have an update later that week or early the next week. Uber has not provided any update or produced responsive documents

Hon. Jacqueline Scott Corley
September 13, 2021
Page 3

                                            WALKUP, MELODIA, KELLY &
                                            SCHOENBERGER


By:    */s/ Sara M. Peters*
           MATTHEW D. DAVIS
           SARA M. PETERS
           ANDREW P. McDEVITT
           Attorneys for Plaintiff JANE DOE