LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF JANE DOE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER CA, LLC,<br><br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　November 18, 2021<br>Time:　9:00 a.m.<br><br>**Assigned to Magistrate Judge Jacqueline Scott Corley**<br><br>Action Filed:　June 12, 2019<br>Trial Date:　June 20. 2022 |

　　　The parties hereby submit this joint statement in advance of the Case Management Conference scheduled for 9:00 a.m. on November 18, 2021.

　　　The CMC is scheduled to occur at the same time as the hearing on Uber's motion to maintain the confidentiality of certain deposition testimony.

　　　Under submission to the Court at the time of the filing of this joint statement are two informal discovery conference (IDC) letter briefs:

- Uber initiated an IDC letter brief on the location of Plaintiff's deposition and IME, and the occurrence of the deposition of Plaintiff's fiancé or his probation from testifying at trial.

- Plaintiff initiated an IDC letter brief on her second notice for a Rule 30(b)(6) deposition of Uber.

Plaintiff noticed the following depositions, which have been confirmed:

- The continuation of the remote deposition of current Uber employee Jodi Kawada Page on November 10.
- The remote deposition of former Uber employee Brittany Anthony on November 11.
- The remote deposition of current Uber employee Abbie Ding on December 1.

Plaintiff has requested dates from Uber for the completion of the deposition of Plaintiff's first Rule 30(b)(6) deposition notice. That deposition is not currently on calendar.

Plaintiff also noticed the deposition of Roger Kaiser, Uber's Global Head of Safety. Uber objected on the grounds that the deposition exceeds the 10 deposition limit. Plaintiff may seek relief on this issue.

Uber noticed the following depositions, which have not been confirmed but to which Plaintiff makes no objection:

- The remote deposition of Joan Taylor, RN (San Mateo SART nurse who examined Plaintiff) on November 30.
- The remote deposition of Brandyn Davis, RN (San Mateo SART nurse who examined Plaintiff) on November 30.
- The remote deposition of Julio Cesar Gamez Mendez, Master, M.G.T. (mental health counselor from whom Plaintiff received treatment in Guadalajara) on December 2, 2021.
- The remote deposition of Geri Archibald, NP (San Mateo health care professional who examined Plaintiff) on December 2.

Uber has also noticed the following depositions which Plaintiff has objected to:

- The remote deposition of Plaintiff's fiancé for November 22, 2021.This

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC

deposition is the subject of a pending IDC letter brief.

- Plaintiff's deposition on November 23, 2021 at defense counsel's offices in Palo Alto, California. Plaintiff has objected to appearing anywhere in California or the broader U.S. for her deposition and mental health examination. These issues are also the subject of a pending IDC letter brief.
- Uber will work with Plaintiff to find a mutually agreeable date for both depositions.

## PLAINTIFF'S REPORT

There are a number of impending deadlines. The fact discovery cutoff is December 3. Expert disclosures are due January 5, 2022. An MSC with Judge Westmore is scheduled for January 26 (Uber has indicated that it would prefer that this be taken off calendar). Rebuttal experts are to be disclosed by February 7 and expert discovery closed by February 28. Dispositive motions are due by March 10. Trial is scheduled to begin on June 20.

Plaintiff has made a good faith effort to meet these deadlines. Uber owes Plaintiff discovery responses and documents, some of which has been overdue and outstanding for months. It is outlined in the chart below:

| **Outstanding Discovery** | **Status** |
|---|---|
| Responses to Interrogatories Nos. 3 and 4 (asking Uber to identify managing agents and employees responsible for assessing risks that may affect Uber riders) | Uber identified managing agents and employees who "may have" knowledge. Plaintiff wants definitive FRCP 33-compliant responses. Plaintiff has repeatedly inquired about the status. |
| Responses to Interrogatories No. 10 (asking Uber to identify managing agent who made decision to use a decal | Uber has not yet served amended responses. Plaintiff has repeatedly inquired about the status. |

| | |
|---|---|
| system), No. 15 (asking Uber to identify managing agent who decided to allow third party ride requests), Nos. 20-25 (asking Uber to amend response to identify specific documents of relevant scripts, guidelines, policies and procedures). | |
| Response to Interrogatory No. 30 (mirrored an interrogatory propounded on Uber by the CPUC asking for data about California sexual assault victims). | Uber reports it anticipates completing production of this information to the CPUC by end of November. Plaintiff has not yet received any of this material. Uber has not provided an update as to when it will provide this material. |
| Responses to Document Request Nos. 29-32 and 37-41 (seeking documents relating to risk assessments). | Plaintiff agreed to limit requests to "formal risk assessments" re relevant risks. Uber's counsel reported that it would consult with client and possibly serve amended responses indicating that no additional documents exist. Uber has yet to do this. Plaintiff has repeatedly inquired about the status. |
| Responses to Document Request Nos. 49-54 (seeking documents about prior similar incidents). | Uber made a recent production, but has not confirmed its production is complete. |
| Responses to Document Requests Nos. 57-70 (Uber's warnings and | The parties agreed to limit these requests to warnings and |

4
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

| | |
|---|---|
| communications to riders). | communications that Uber sent to Plaintiff and her fiancé. Uber produced some unreadable material (gibberish) and advertisements. Plaintiff has requested an amended response that the production is complete or the production of all of responsive documents. Plaintiff has repeatedly inquired about the status. |
| Response to Document Request No. 71 (seeking documents relating to Uber's decision to allow third party ride requests). | Uber reported that it could not complete its search because some files were damaged. Plaintiff has repeatedly inquired about the status. |
| Completion of the first 30(b)(6) deposition. | The witness that Uber produced for the first session of this deposition was not prepared to testify about topic nos. 6 through 9. Uber has declined to provide a follow up date until it finished producing documents about prior similar incidents. It is not clear whether that production is now complete (see above). Plaintiff is still awaiting a date from Uber. |

Plaintiff recognizes that some important fact discovery may not be completed before the December 3 fact discovery cutoff. Uber owes Plaintiff a significant amount of discovery, outlined above. There are also pending IDC letter briefs. Among the disputed issues before the Court is the location of Plaintiff's deposition and IME.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

Plaintiff's counsel recognizes that the Thanksgiving holiday is coming and schedules are getting tight. Whatever the Court's ruling as to location, Plaintiff would stipulate to allow the deposition/IME to occur within a reasonable time after December 3. In sum, Plaintiff will continue to be reasonable and accommodating about scheduling.

Plaintiff wants to keep the June 20 trial date. Plaintiff will come to the November 18 CMC prepared to discuss any needed or appropriate adjustments to the pretrial schedule to preserve that trial date.

## DEFENDANTS' REPORT

### A. Case Schedule

Plaintiff seeks the benefit of the legal system in the United States while simultaneously holding discovery hostage in Mexico. This behavior is creating unnecessary delays. Plaintiff also wishes to continue conducting extensive discovery of Uber beyond the discovery deadline yet still keep the scheduled trial date. This proposition is unreasonable and unworkable. Either all case deadlines should be extended or none.

### B. Plaintiff's Outstanding discovery

**Depositions.** Because of the cross-border delays, there are two key witnesses that have not been deposed. First, Plaintiff herself refuses to sit for deposition anywhere in the United States. Second, Plaintiff's fiancé is a key witness and Plaintiff's intermediary connection to Uber. Her fiancé is the individual that ordered the ride at issue in this litigation and immediately texted her the license plate number of the authorized driver so that she could confirm that she was getting into the correct car — which she did not do. For nine months, Plaintiff represented that she would agree to produce her fiancé for deposition. Yet only one month before the discovery deadline Plaintiff made an about face on the issue and refuses to produce her fiancé for deposition, even in the comfort of his home or office by Zoom.[1] When

---

[1] If Uber is forced to rely on the issuance of letters of request/letters rogatory and serve the fiancé

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC

these two key depositions are taken, more witnesses may be identified requiring subsequent discovery.

**Written Discovery.** Plaintiff tellingly omits any reference to her own failure to supplement her deficient discovery responses despite repeated follow up from Uber's counsel, or her failure to provide verifications for her responses to two sets of Defendants' Interrogatories in violation of Rule 33. Plaintiff has refused to supplement her deficient discovery responses despite repeated follow up from Uber's counsel. She has also failed to provide verifications for her responses to two sets of Defendants' Interrogatories in violation of Rule 33, despite serving some of these responses back in February 2021.

| **Outstanding Discovery from Plaintiff** | **Status** |
|---|---|
| Responses to Interrogatories Nos. 3 and 4 (asking Plaintiff to identify "each individual who [Plaintiff] claim[s] has knowledge of any injuries she claim[s] were caused by the INCIDENT" and "each individual who Plaintiff claims has knowledge of the incident." | In response to these interrogatories, Plaintiff broadly identified law enforcement personnel and certain medical professionals that treated her after the incident but refuses to disclose the identifies of any friends, family members or any other third parties who have knowledge of the incident or any injuries that Plaintiff alleges were caused by the incident.<br><br>If Plaintiff does not supplement her responses to these Interrogatories, Uber will file an IDC brief on these issues. |
| Verifications for Plaintiff's response to Raiser, LLC's Interrogatories (Set One) and | Plaintiff served her responses to Rasier, LLC's Interrogatories (Set One) on February 10, 2021. She then served supplemental |

---

through the Hague Evidence Convention, this process is lengthy and will most certainly necessitate a trial continuance.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC

| | | |
|---|---|---|
| 1-9 | Uber Technologies, Inc.'s Interrogatories (Set One). | responses to some of these interrogatories on July 8, 2021.  On October 14, 2021, Plaintiff served her responses to Uber Technologies, Inc.'s Interrogatories (Set One) with a slip-sheet that said, "Verifications to Follow".   To date, Plaintiff has not provided any verifications for these three sets of interrogatories despite repeated follow-up from Uber's counsel. |
| 10-23 | Rasier, LLC's Request for Production No. 5 ("produce all DOCUMENTS that comprise or reference any communications between YOU and any other person (except YOUR attorneys) concerning the INCIDENT.") | Plaintiff's counsel has represented that "Plaintiff has produced all responsive documents in her possession, custody or control."  Few responsive documents were produced and it is unclear from Plaintiff's response whether she has produced all documents that are responsive to this request.  For example, if Plaintiff has communications (e.g., text messages, email, etc.) with friends, family, or any third-parties other than her attorneys regarding the incident, those documents should be produced.  Plaintiff has thus far refused to amend her response to clear up any ambiguity. |
| 24-27 | Rasier LLC's Request for Production No. 10 asked Plaintiff to produce ("Any and all DOCUMENTS that YOU have | Plaintiff's counsel has represented that "Plaintiff has produced all responsive documents in her possession, custody or control."  Very few responsive documents were |

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC

| | |
|---|---|
| written, authored, or otherwise created that reference or pertain in any way to the INCIDENT, excluding communications with YOUR attorneys."). | produced and it is unclear from Plaintiff's response whether she has produced all documents that are responsive to this request. Plaintiff has thus far refused to amend her response to clear up any ambiguity. |
| Uber Technologies, Inc.'s Interrogatories to Plaintiff (Set Two), Requests for Admission to Plaintiff (Set Two), and Requests for Production of Documents to Plaintiff (Set Two) | Plaintiff's responses to these discovery requests are currently due on November 22, 2021. |
| Uber Technologies, Inc.'s Interrogatories to Plaintiff (Set Three), and Requests for Production of Documents to Plaintiff (Set Three) | Plaintiff's responses to these discovery requests are currently due on November 26, 2021. |

**Outstanding records in Mexico.** Finally, after receiving medical record authorizations from Plaintiff, Uber issued subpoenas to Plaintiff's three identified medical providers in Mexico on September 15, 2021. To date, only one provider has responded to Uber's subpoenas.

**Outstanding subpoenas delayed by Doe naming convention.** In order to properly gather certain records from third-parties which Defendants wish to subpoena, it will be necessary to disclose Plaintiff's name and identifying information. Plaintiff has sued as a Doe. Uber requests guidance from the court on this issue and will subsequently provide a letter brief if the court desires.

**January Settlement Conference.** As the court is aware, there is an appeal pending before the California Court of Appeal with remarkably similar factual and

1  legal allegations.  The same key legal issue is on appeal:  whether Uber had an
2  affirmative duty to warn of or protect Plaintiffs from the criminal acts of third
3  parties.  In both cases, Uber's business model is in question.  Uber's appellate answer
4  brief is due on November 19, 2021.  The appeal will be fully briefed by December 31,
5  2021.  Uber does not expect a ruling by the scheduled January settlement conference.
6  Uber expects that the appeal will influence this underlying action.

Plaintiff here seeks an unwavering eight figure settlement.  A settlement conference in January 2021 while the state court appeal on this very issue is premature and Uber asks that it be continued.

**Status of Uber's outstanding discovery.**  Plaintiff's status report misconstrues the status of Uber's discovery responses and document production to date.  As set forth more fully below, Uber has served multiple sets of supplemental interrogatory and RFP responses over the last several months and engaged in extensive meet and confer efforts with Plaintiff. Uber has also produced over 12,000 documents and expects to complete a final production in the next week which would put this figure at over 14,000 documents.

| **Outstanding Discovery from Uber** | **Clarified Status** |
|---|---|
| Responses to Interrogatories Nos. 3 and 4 (asking Uber to identify managing agents and employees responsible for assessing risks that may affect Uber riders) | During the last informal discovery conference, the Court indicated that if Uber is only able to identify individuals that it reasonably believes have knowledge of the issues set forth in these interrogatories, it should so state.  That is what Uber has done.  There is no requirement under FRCP 33 that Uber respond to the Interrogatories in the specific manner that Plaintiff has indicated.<br><br>Uber served amended supplemental responses to Interrogatories 3 and 4 on September 15, 2021. Uber has agreed to further supplement these responses to |

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC

| | |
|---|---|
| | clarify whether one of the identified individuals was employed by the company during the requested time period and whether Uber has any institutional knowledge related to the January 1, 2011 to June 2017 time period. Uber will serve supplemental responses to these Interrogatories prior to the status conference. |
| Responses to Interrogatories No. 10 (asking Uber to identify managing agent who made decision to use a decal system), No. 15 (asking Uber to identify managing agent who decided to allow third party ride requests), Nos. 20-25 (asking Uber to amend response to identify specific documents of relevant scripts, guidelines, policies and procedures). | Uber served its second set of supplemental responses to Interrogatories 10, 15 and 20-25 on September 15, 2021.  Pursuant to FRCP 33(d), Uber also produced all of the documents that are responsive to Interrogatories 20-25.  Uber will serve supplemental responses to these Interrogatories prior to the status conference. |
| Response to Interrogatory No. 30 (mirrored an interrogatory propounded on Uber by the CPUC asking for data about | At the last informal discovery conference, Uber explained that the CPUC production was not complete, given that Uber was finalizing a settlement with the CPUC and that it expects this production to go out in late November. The Court directed Uber to complete its production of documents that are responsive to |

| | |
|---|---|
| California sexual assault victims). | Interrogatory 30 at the same time that it completes its production to the CPUC.  Plaintiff agreed to this.  The current estimated date of Uber's production to CPSC is the end of December.  Nothing has changed regarding Uber's commitment to complete this production. |
| Responses to Document Request Nos. 29-32 and 37-41 (seeking documents relating to risk assessments). | Uber served supplemental responses to Requests for Production Nos. 29-32 and 37-41 on June 30, 2021.  Since that time, Uber has not located any additional responsive documents. Uber will serve amended responses indicating that no additional documents exist. |
| Responses to Document Request Nos. 49-54 (seeking documents about prior similar incidents). | Uber has one remaining production of documents that are responsive to Requests for Production Nos. 49-54. Uber expects to complete this production within the next week. |
| Responses to Document Requests Nos. 57-70 (Uber's warnings and communications to riders). | Uber served supplemental responses to Requests for Production Nos. 57-70 on June 30, 2021. Since that time, Uber has repeatedly advised Plaintiff's counsel that it has produced all direct communications with Plaintiff and her fiancé that it was able to locate to date.  In App notifications or banner messages that are delivered to users in the app and were viewable when Plaintiff opened or used the App are not "documents" that are kept in the normal course of business.  Uber has explained repeatedly that it produced the direct communications with Plaintiff and her fiancé that it was able to locate in the only format that they are currently available.  These |

| | |
|---|---|
| | communications would have appeared with normal formatting to the end user. Uber has also produced extensive documentation related to its "Check Your Ride" and "Checa Tu Uber" public safety awareness campaigns that it launched in the U.S. and Mexico, respectively, prior to the subject incident. These campaigns stressed the importance of leveraging all of the safety information readily provided to riders in the Uber App (e.g., make/model and color of the vehicle, the license plate number, and the driver's name and photograph) to verify that riders are getting into the correct vehicle and thus avoid potentially dangerous situations. |
| Response to Document Request No. 71 (seeking documents relating to Uber's decision to allow third party ride requests). | Uber has already produced all responsive records that it has located to date. |
| Completion of the first 30(b)(6) deposition. | On August 9, 2021, Uber's corporate representative testified on Topics 1-5 and 9 from Plaintiff's first 30(b)(6) deposition notice. Uber explained that the corporate representative would not testify on Topics 6-8 until Uber completed its production of the underlying documents for these topics. The parties subsequently (finally) engaged in extensive meet and confer efforts to come up with an ESI protocol, which Plaintiff initially resisted. Over the next few months, Uber harvested, reviewed and |

|   |   |
|---|---|
|   | produced thousands of responsive documents.<br><br>Uber expects to designate 2-3 different witnesses on the remaining 3 topics from Plaintiff's first 30(b)(6) deposition notice. Therefore, Uber is coordinating witness availability and will provide Plaintiff with some proposed dates for the completion of this deposition. |

**Case Schedule.**   In light of the parties' pending discovery disputes,[2] and the amount of discovery that remains to be completed prior to the current December 3, 2021 fact-discovery cut-off, Defendants recognize that the current case deadlines and trial date will likely need to be adjusted to accommodate this discovery and the upcoming holidays.  If Plaintiff's fiancé will not voluntarily sit for deposition, it may be necessary to continue the trial date and adjust the schedule to allow for service of a deposition subpoena under the Hague Evidence Convention — which Defendants hope to avoid.  Defendants would be unduly prejudiced by having expert opinions issued prior to receiving key discovery, and having expert discovery overlap with summary judgment briefing.  If the individual that ordered the Uber will voluntarily sit for deposition, Defendants believe that a 3-month continuance of the trial date and all related pretrial deadlines would make the most sense from both an efficiency and fairness perspective.

---

[2] These currently include (1) the location of Plaintiff's deposition and IME; (2) Plaintiff's counsel's refusal to recommend that Plaintiff's fiancé's voluntarily appear for a remote deposition despite making prior representations that they would produce him; and (3) Plaintiff's request to take a second 30(b)(6) deposition on 14 additional topics that are unnecessarily cumulative and despite having already noticed 10 depositions and not seeking prior leave of court.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

| | |
|---|---|
| Dated:  November 10, 2021 | Walkup, Melodia, Kelly & Schoenberger |

By: */s/ Matthew D. Davis*
MATTHEW D. DAVIS
SARA M. PETERS
ANDREW P. McDEVITT
KELSEY CONSTANTIN
Attorneys for PLAINTIFF JANE DOE

| | |
|---|---|
| Dated:  November 10, 2021 | PERKINS COIE LLP |

By: */s/ Julie L. Hussey*
JULIE L. HUSSEY
JULIAN FELDBEIN-VINDERMAN
Attorneys for DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, and RAISER-CA, LLC

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

15
JOINT CMC STATEMENT - CASE NO. 3:19-cv-03310-JSC