1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  Julian Feldbein-Vinderman, Bar No. 307838
   JFeldbeinVinderman@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
4  San Diego, CA  92130-2080
   Telephone:  858.720.5700
5  Facsimile:  858.720.5799

6  Attorneys for Defendants Uber Technologies, Inc.,
   Rasier, LLC, and Rasier-CA, LLC
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11

12 | JANE DOE, an individual using a | Case No. 3:19-cv-03310-JSC
   | pseudonym,
13 |                                 | **DEFENDANTS UBER TECHNOLOGIES,**
   |          Plaintiff,             | **INC., RASIER, LLC AND RASIER-CA,**
14 |                                 | **LLC'S ADMINISTRATIVE MOTION TO**
   |     v.                          | **FILE EXHIBITS AND PLEADINGS**
15 |                                 | **UNDER SEAL**
   | UBER TECHNOLOGIES, INC.; RASIER,|
16 | LLC; RASIER-CA, LLC,            | Judge: Hon. Jacqueline Scott Corley
17 |          Defendants.            |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Raiser, LLC and Raiser-CA, LLC (collectively, "Defendants") hereby file this administrative motion to seal certain deposition testimony that they have designated as confidential under the stipulated protective order (Dkt. No. 75) and submitted in connection with their instant Motion to Maintain Confidentiality Designations. Plaintiff has challenged those confidentiality designations (which is the subject of Defendants' Motion to Maintain Confidentiality Designations). Defendants also seek to seal portions of the Motion to Maintain Confidentiality Designations itself, as well as to seal a supporting declaration in its entirety.

Defendants have identified the information that is sealable with particularity in the Declaration of Julian Feldbein-Vinderman ("Feldbein-Vinderman Declaration"), filed herewith. As described in the Feldbein-Vinderman Declaration, Defendants respectfully request an order from the Court to authorize the filing under seal of the following:

(1) Portions of Exhibit 1 to the Declaration of Julian Feldbein-Vinderman in support of Defendants' Motion to Maintain Confidentiality Designations. Exhibit 1 includes excerpts from the deposition testimony of Uber employee Jodi Kawada Page which Defendants designated as confidential pursuant to the stipulated protective order in this case. To harass the witness, Plaintiff seeks to publicly disclose this deposition testimony by publishing, or causing to be published, her testimony. Such publication will cause her harm and embarrassment, and is not valuable to resolving the issues in this case. That is an improper purpose.

(2) Portions of Exhibit 2 to the Declaration of Julian Feldbein-Vinderman in support of Defendants' Motion to Maintain Confidentiality Designations. Exhibit 2 includes excerpts from the deposition testimony of Uber employee Nicholas Silver which Defendants designated as confidential pursuant to the stipulated protective order in this case. Plaintiff also seeks to publicly disclose this deposition testimony to harass the witness by publishing, or causing to be published, his testimony. Such publication will likewise cause him harm and embarrassment, and will not be valuable to resolving the issues in this case. That is an improper purpose.

   (3) The Declaration of Tori Tanaka in support of Defendants' Motion to Maintain Confidentiality Designations, which includes highly sensitive personnel information regarding the psychological harm and embarrassment suffered by a current Uber employee after her deposition testimony was leaked to the *New York Times*; and

   (4) Portions of Defendants' Motion to Maintain Confidentiality Designations which discuss the psychological harm and embarrassment suffered by a current Uber employee as a result of her deposition testimony being leaked to the *New York Times*.

  Here, good cause exists to permit filing the above-referenced confidential testimony under seal, as is described with particularity in the Feldbein-Vinderman Declaration. Therefore, the Court should grant this motion.

## II. LEGAL STANDARD

  Though courts have historically recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents," the Ninth Circuit has "carved out an exception to the presumption of access to judicial records . . . [that is] expressly limited to judicial records filed under seal when attached to a non-dispositive motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (internal quotation marks and citation omitted); *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys.*, LLC, No. 14-CV-02435-MEJ, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (the presumption of public access to judicial documents in connection with dispositive motions "does not apply in the same way to non-dispositive motions").

  The presumption of access to judicial records does not apply here because the exhibits at issue are being filed in connection with a non-dispositive motion to maintain confidentiality designations to deposition testimony under the stipulated protective order. Accordingly, "'[g]ood cause' is the proper standard." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard . . . ."); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing Fed. R. Civ. P. 26(c) for the proposition "that if 'good cause' is shown in discovery, a district court may issue 'any order which

justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'"). Under this "good cause" standard, Uber "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *see also Kamakana*, 447 F.3d at 1180 ("[A] 'particularized showing' under the 'good cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'") (citation omitted).

### III.     ARGUMENT

As set forth below and in the contemporaneously filed Feldbein-Vinderman Declaration, "good cause" exists to permit filing the confidential testimony under seal. Specifically, "the document or portions thereof are privileged, protectable as a trade secret or otherwise entitled to protection under the law" because publicly disclosing this testimony will cause harm and embarrassment to two non-party employee-deponents just as it did to a prior non-party employee deponent. Civil L.R. 79-5(b). In addition, the sealing request is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Good cause exists to seal documents that contain information which may cause a party annoyance, embarrassment, or oppression. *See Pintos*, 605 F.3d at 678; *see also Kamakana*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.").

*First*, the Declaration of Tori Tanaka must be filed under seal because it contains discussion of a non-party employee-deponent's mental health status. Tanaka is a human resource manager that spoke with one of the employee-deponents and recounts the psychological harm and embarrassment which that Uber employee has suffered by having her deposition testimony leaked to the *New York Times*. [Declaration of Tori Tanaka, ¶¶ 2-3]. "Good cause exists to seal th[is] exhibit[] to protect [the employee-deponent] from embarrassment because balancing the need for the public's access to information regarding [her] mental health history . . . against [her] need for confidentiality **weighs strongly in favor of sealing**." *Seals v. Mitchell*, No. 04-cv-3764-NJV, 2011

-4-

WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011) (emphasis added). Similarly, the instant Motion to Maintain Confidentiality Designations also contains discussion of the psychological harm and embarrassment suffered by this non-party employee-deponent, and as a result, should also be sealed to prevent further harm or embarrassment.

*Second*, the remaining exhibits are also entitled to protection from the Court: they consist of or refer to deposition testimony from two non-party employee-deponents. This deposition testimony is not being offered in support of a request for any form of relief from this court. Instead, Plaintiff has challenged its designation as confidential under the Parties' stipulated protective order so that the testimony—and the identity of the non-party employees who provided it—can be published by media outlets. [*See* Declaration of Julian Feldbein-Vinderman in support of Motion to Maintain Confidentiality Designations, ¶ 5]. Such a design clearly "gratif[ies] private spite" and is intended to "promote public scandal": two of the bases the Ninth Circuit has recognized afford protection to material filed in connection with "non-dispositive" motions. *Kamakana*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Accordingly, this Court should grant Defendants' motion to seal portions of Exhibits 1-2 to the Declaration of Julian Feldbein-Vinderman in support of Defendants' Motion to Maintain Confidentiality Designations, the Declaration of Tori Tanaka in support of Defendants' Motion to Maintain Confidentiality Designations, and select portions of Defendants' Motion to Maintain Confidentiality Designations.

To the extent the Court determines that the above documents should not be wholly or partially sealed as requested, it should permit Defendants to file under seal the above documents with the non-party employee-deponents' names redacted. Their identities as non-party employees is not a matter of public interest, and permitting publication of their identities is likely to cause them harm and embarrassment.

## IV.   CONCLUSION

In this administrative motion to seal, Defendants have narrowed their sealing request to only include that testimony which could cause the employee-deponents harm or embarrassment if it were publicly disclosed, as well as the discussion of the psychological harm that a particular

-5-

1  non-party and Uber employee-deponent has suffered by having her deposition testimony leaked to
2  the *New York Times*.  For all of the foregoing reasons, Defendants respectfully request that the
3  Court grant this administrative motion to seal the challenged deposition testimony, the Declaration
4  of Tori Tanaka in support of Defendants' Motion to Maintain Confidentiality Designations, and
5  select portions of Defendants' Motion to Maintain Confidentiality Designations from the public
6  record.  At a minimum, the identities of the witnesses who gave the challenged deposition
7  testimony should be permitted to be filed under seal, with the witnesses' names and any other
8  personal identifying information redacted.

Dated:  December 21, 2021                           **PERKINS COIE LLP**

                                                     By: */s/ Julian Feldbein-Vinderman*
                                                     Julie L. Hussey
                                                     JHussey@perkinscoie.com
                                                     Julian Feldbein-Vinderman
                                                     JFeldbeinvinderman@perkinscoie.com

                                               Attorneys for Defendants
                                               Uber Technologies, Inc., Rasier, LLC, and
                                               Rasier-CA, LLC