PERKINSCOIE

11452 El Camino Real
Suite 300
San Diego, CA 92130-2080

T +1.858.720.5700
F +1.858.720.5799
PerkinsCoie.com

January 3, 2022

Hon. Jacqueline Scott Corley
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Your Honor:

The parties submit this joint letter brief regarding Plaintiff's mental health examination by Uber's expert, Dr. April Thames Ph.D.  Plaintiff's exam is scheduled for January 10, 2022 in San Francisco, California.

**Uber's Position:  After the court ordered Plaintiff's exam and the parties agreed to a date and location,** Uber proposed an uncontroversial stipulation outlining the parameters of Plaintiff's exam.  Plaintiff objected to most provisions.  Uber's counsel made many efforts to meet and confer with Plaintiff's counsel but received no response until their receipt of Plaintiff's inserts in this brief. The parties are seemingly at an impasse.  The following issues are in dispute: (1) Plaintiff wants to unreasonably limit the testing *and* exam to a total of four hours; (2) Plaintiff refuses to take the MMPI-2 and MCMI-IV tests; (3) Plaintiff seeks to preclude Uber from using or asking about any information that it may learn during the exam at Plaintiff's deposition; (4) Plaintiff demands that Uber's expert conduct any exam at Plaintiff's counsel's office or a rented office; and (5) after initially demanding a check interpreter, Plaintiff has failed to propose a certified interpreter to attend the exam.[1]  Plaintiff seeks to restrict Uber's expert from conducting a full and fair examination of Plaintiff to assess her PTSD and emotional distress claims.  Accordingly, Uber requests that the Court order Plaintiff to submit to an exam pursuant to the terms and conditions set forth in the proposed order (**Ex. B).**

**(1)    Uber's proposed time limit for the evaluation (with an interpreter) is realistic and necessary.**  Plaintiff proposes that the entire battery of tests and interview which comprise the evaluation (with an interpreter) be limited to four hours.  Dr. Thames has extensive experience in conducting mental health exams and estimates that seven hours is necessary to: 1) conduct a clinical interview; and 2) properly administer and score the necessary tests.  Also, in her experience, the presence of an interpreter typically doubles the time of the interview portion of the exam.  *See* Declaration of Dr. April Thames, Ph.D. ("Thames Decl."), ¶ 5. Therefore, Uber respectfully requests that the Court order Plaintiff to participate in the exam for up to 7 hours.

**(2)    The MMPI-2 and MCMI-IV tests are necessary for the issues in this case.**  Dr. Thames has requested to administer, among other tests, the MMPI-2 and MCMI-IV tests. Plaintiff has refused to take the MMPI-2 and MCMI-IV tests because they are "lengthy" and

---

[1] Attached hereto as **Ex. A** is Plaintiff's redline of Uber's proposed stipulation regarding the scope, manner, and location of the mental health examination.

1

January 3, 2022
Page 2

counsel does not believe they are appropriate for this case. *See* Ex. C. "The MMPI-2 is a true/false self-report measure of a person's psychological state." Thames Decl. at ¶ 7. The measure has many clinical scales assessing mental health problems (i.e., depression, anxiety, post-traumatic stress disorder), personality characteristics (i.e., psychopathy) and general personality traits." *Id.* The MMPI-2 is necessary to properly assess Plaintiff's claimed PTSD because "the test provides comprehensive information about a person's decision making with respect to their personality traits and functions, while the other exams provide information about specific symptoms." *Id.* at ¶ 8. The MCMI-IV is a personality assessment test designed to measure clinical syndromes and personality disorders, including post-traumatic stress disorder and depression. *Id.* at ¶ 9. The MCMI-IV is necessary to properly assess Plaintiff's claimed PTSD because it allows for unique clinical insights into a patient's coping and response style, and consequently helps with prognosis. *Id.* at ¶ 10. <u>Decision making and ability to cope are significant indicators of Plaintiff's alleged harm and Plaintiff has squarely placed these at issue in this litigation where she demands, at least, an eight-figure recovery</u>. Accordingly, Uber respectfully requests that the Court order Plaintiff to take the MMPI-2 and MCMI-IV tests in addition to the other tests, which Plaintiff agreed to in the stipulation exchange. *See* Ex. A.

**(3)    Uber can inquire about information learned in the evaluation in deposition.** Plaintiff argues that Uber should be precluded from using, asking about, or confirming any information that it may learn or derive from the exam in Plaintiff's deposition. Plaintiff lacks any legal support for her position. This position is also untenable and completely at odds with the very nature of discovery. While the burden to limit discovery should rest on Plaintiff and not Uber, Uber raises this issue in this letter brief in anticipation of a controversy at Plaintiff's upcoming deposition. Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1) (emphasis added). This Court has held that Rule 26 should be "liberally construed" and that "the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matter that could bear on any issue that is or may be raised in a case*." Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 575 (N.D. Cal. 2008). There is no rationale or legal basis for suggesting that Uber should be prohibited from asking about, exploring, or confirming information that it may learn from the exam in the deposition while plaintiff is under oath in deposition. The crux of Plaintiff's damages claims are allegations of PTSD and emotional distress. The results of the exam are necessary for Uber to be able to properly evaluate the nature and extent of Plaintiff's claimed non-economic damages. It would be unduly prejudicial to Uber's defense of this action if it is unable to depose Plaintiff regarding information relevant to her claims and Uber's defenses in this case, including information obtained in the exam. Also, it would be impossible to distinguish whether information was derived from the exam since the subject of the exam is intertwined with the issues in this case.

**(4)    The specific location of the evaluation should be the expert's choice.** Dr. Thames would normally conduct the exam at her office, but because she is traveling to San Francisco at Plaintiff's request and does not have an office in San Francisco, that is not an option. Dr. Thames requests and prefers that the exam take place at Uber's counsel's office because Uber's counsel has ensured that its office is set-up in the manner that Dr. Thames requires. *Id.* at ¶ 3. The party noticing a mental health examination may request a specific location for the exam to

January 3, 2022
Page 3

take place. *See Leal v. Siegel*, 2006 WL 2263905, at *1 (N.D. Cal. 2006) (ordering physical examination to occur as it was noticed); *see also* Fed. R. Civ. Proc. 35(a)(2). Uber should not have to incur the additional cost in renting an office where COVID protocol is less controlled. Perkins Coie's office safety protocol is extensive, including large conference space with large commercial HEPA filters. Alternatively, as a last resort, Dr. Thames has offered to secure an independent office arranged specifically to meet her needs. *Id.* at ¶ 4. Uber respectfully requests that the Court order Plaintiff's exam to take place at Uber's counsel's office or, as a last resort, at an independent office of Dr. Thames' choice.

**(5)** **Plaintiff's request to have two interpreters in the exam will create unnecessary confusion and delay.** Until Uber received Plaintiff's inserts, Plaintiff demanded that a second, separate "check interpreter" of her choosing sit in on the exam. Uber proposed that the parties agree to one certified interpreter as that is the most reasonable and cost/time efficient option. Uber has requested that Plaintiff's counsel propose a certified interpreter that is not affiliated with their firm, but to date, Plaintiff has not proposed anyone.

**Plaintiff's Position:** Last summer, Plaintiff agreed to a mental health exam without the need for a Rule 35 motion conditioned on Defendants providing an acceptable proposal. Plaintiff repeatedly asked for a proposal. Defendants only provided a proposal on December 15. Their proposal is objectionable in some respects, but there are some things that Plaintiff agreed to: (1) Plaintiff will propose a certified Spanish translator who will be the only translator; (2) the exam can take place in "an independent rental office" as proposed by Dr. Thames, if in or near San Francisco's financial district; and (3) Plaintiff agrees to undergo five of the seven tests that Dr. Thames proposes (Beck Depression Inventory; Beck Anxiety Inventory; Trauma Symptom Inventory-2; Detailed Assessment of Posttraumatic Stress; and Structured Clinical Interview for DSM-5 disorders).

Some context is needed to explain Plaintiff's objections to other portions of the proposed exam.

First, Defendants describe it as a "psychiatric examination," (see redlined stipulation) but their examiner, Dr. Thames, is a neuro-psychologist, not a psychiatrist. (See enclosed declaration of Dr. Lynn E. Ponton, M.D. at ¶¶5-6.) Dr. Thames is qualified to perform a neuro-psych assessment, a type of mental health exam, but one that is very different from a psychiatric exam. A neuro-psych exam is typically used to determine how well the brain is working when it is disrupted by a brain injury or a psychological disorder. (*Id*. at ¶8.) As discussed below, several of the tests Dr. Thames proposes are typically given in cases where a brain injury is claimed, malingering is suspected or there is reason to believe the plaintiff has an underlying psychological disorder. Defendants are entitled to select the type of specialist they want to use for the exam, but Plaintiff is not claiming a brain injury and there is no evidence or reason to suspect that she had an underlying psychological disorder.

Second, the exam is scheduled to occur the day *before* Plaintiff sits for an all-day deposition. Depositions, even in mundane cases, tend to be stressful. Here, Plaintiff will have to talk for hours about a horrific, highly personal trauma in a roomful of strangers.

Third, Defendants have access to numerous statements Plaintiff made about the incident, which they can share with Dr. Thames and thereby streamline the exam. Uber investigators recorded lengthy interviews of Plaintiff within two days of the incident. Plaintiff submitted to a number of long police interviews, the recordings of which are in Defendants' possession. Plaintiff testified at the criminal trial, which included a cruel cross-examination during which the defense counsel falsely suggested that the plaintiff was a prostitute trying to shake down her rapist. Uber also has the records of the SART exams and the trial testimony of the SART nurses. In sum, Plaintiff is a victim who has already been through the wringer in terms of Uber's "internal investigation" and the criminal justice process, and Uber has all of that information.

Fourth, Plaintiff will have to take a long plane flight and adjust to a two-hour time difference before she attends the exam and deposition. She speaks limited English. She will have to travel from her hotel to meet with her lawyers, to attend the exam, and then sit for a deposition. She will then have to take a long flight home. She is 23 years old. All of this (the travel, the long meetings in closed rooms with strangers) will occur in the midst the biggest surge in the COVID epidemic, during which many fully vaccinated and cautious people are getting sick.[2] In sum, January 10 and 11 promise to be a challenging and stressful two days for her under the best of circumstances.

**Length of Examination**. "It is important to minimize the possibility of a forensic mental health evaluation causing needless harm or re-traumatization of a plaintiff…. In my opinion [the seven hours of Dr. Thames examination of Plaintiff on January 10 followed by an all-day deposition of Plaintiff on January 11] causes an undue risk of harm to Jane Doe." (Ponton Decl. at ¶¶12-13.) That is the professional opinion of the psychiatrist retained to evaluate Plaintiff. Dr. Ponton was able to conduct a remote, translated *psychiatric* exam of Plaintiff in less than three hours. Dr. Thames should not take more than four hours to assess Plaintiff.

**The MMPI-2 and MMCI-IV Tests**. These are lengthy tests. The MMPI-2 is used when there is reason to suspect that the taker has an underlying personality disorder, or is making an exaggerated claim of a brain injury. (Ponton decl. at ¶16.) The MMCI-IV is intended to provide information on personality traits including psychiatric disorders. (*Id*. at ¶17.) Plaintiff, however, was only 20 when she suffered the subject trauma. She had no prior history of mental health treatment or psychiatric disorders.[3] Dr. Ponton opines these tests are not appropriate in this case. (*Id*. at ¶15.) Defendants have only shown Plaintiff a "draft" of Dr. Thames' declaration. While she avers in general terms that these two tests have purposes, her declaration does not articulate why they are needed in Plaintiff's case. Dr. Thames apparently has no knowledge of the facts of this case. She does not declare that she reviewed Plaintiff's statements or medical records. Plaintiff did put her mental health at issue, but that does not give defense expert free reign to perform any type of test because it theoretically "might" be useful. Plaintiff is still a victim and a

---

[2] See, e.g., CNN headline of December 30 "US Omicron cases could peak by late January, Fauci says." https://www.cnn.com/world/live-news/omicron-variant-coronavirus-news-12-30-21/h_18866dc7a43ff556b3780f0719e0a806

[3] She was a happy, promising ballet dancer and university student in a healthy relationship when the incident occurred.

January 3, 2022
Page 5

fair balance needs to be struck. Here, Defendants' decision to use a neuro-psychologist to perform the exam in this case may be a curious one, but that does not justify these lengthy tests the day before her deposition.

**Use of Dr. Thames' Interview**. Defendants should be precluded from using Dr. Thames clinical interview when they depose Plaintiff the following day. They already have numerous statements she made. Plaintiff should not have to "worry" during the interview about saying something that she gets grilled about the next day.

**Uber's Reply:**[4]  Plaintiff's focus in seeking to limit the exam is based on a misunderstanding of Uber's counsel's reference to the exam as "psychiatric" in addition to "mental health" in a draft stipulation. Plaintiff's argument about this is a mere smokescreen.  Simply put, Plaintiff claims PTSD from the subject assault which is a disorder that the MMPI-2 and MMCI-IV tests are meant to assess. These tests are important to administer.

Plaintiff requested and the Court ordered that the exam and deposition occur in one trip, so Uber has complied, clearing schedules and making travel arrangements, including flights and hotels for Uber's counsel and expert. Yet now Plaintiff incredulously seeks to limit the examination and Uber's ability to gather information about Plaintiff's alleged damages in a case where she demands more than eight-figures.  If Plaintiff has true concerns about traveling during January, Uber will agree to a continuance of all deadlines and reschedule Plaintiff's deposition and IME.

Plaintiff's assertion that Uber and its expert should *rely on* prior statements made by Plaintiff in a different criminal proceeding where Uber was not represented by counsel, notes taken during a SART interview (there is no report or transcript), or to an Uber customer service agent where there was no oath, no court reporter and poor audio quality, is insufferable and shows blatant disregard for the United States legal process.  Plaintiff must fully participate in discovery.

Plaintiff's attack on Dr. Thames' credentials is misguided as Dr. Thames has a Ph.D. in Clinical Psychology, with a postdoctoral fellowship in clinical neuropsychology.  Thames Decl., Ex. A. Her training and experience is clearly not limited to neuropsychology.  Plaintiff may cross examine Dr. Thames regarding her credentials during expert discovery or at trial.[5]

| WALKUP, MELODIA, KELLY & SCHOENBERGER | PERKINS COIE LLP |
|---|---|
| By: */s/ Matthew D. Davis*<br>     MATTHEW D. DAVIS<br>     Attorneys for Plaintiff JANE DOE | By: */s/ Julie L. Hussey*<br>     JULIE L. HUSSEY<br>     Attorneys for Defendants UBER TECHNOLOGIES, INC., RASIER, LLC and RASIER-CA, LLC |

---

[4] Plaintiff is now the co-founder of an award winning international start up that is a competitor to Uber Eats.
[5] Dr. Thames is not obligated to disclose which documents she reviewed prior to the exam.

# EXHIBIT A

| | |
|---|---|
| 1 | Julie L. Hussey, Bar No. 237711 |
| | JHussey@perkinscoie.com |
| 2 | Julian Feldbein-Vinderman, Bar No. 307838 |
| | JFeldbeinVinderman@perkinscoie.com |
| 3 | PERKINS COIE LLP |
| | 11452 El Camino Real, Suite 300 |
| 4 | San Diego, CA  92130-2080 |
| | Telephone: 858.720.5700 |
| 5 | Facsimile: 858.720.5799 |

Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jane Doe, an individual using a pseudonym, | Case No. 3:19-cv-03310-JSC |
| Plaintiff, | **STIPULATION RE ~~PSYCHIATRIC~~ EXAMINATION OF PLAINTIFF BY DEFENSE EXAMINER** |
| v. | [Assigned for all purposes to the Hon. Jacqueline S. Corley] |
| Uber Technologies, Inc.; Rasier, LLC; Rasier CA, LLC, | Complaint Filed: December 19, 2019 |
| Defendants. | Trial Date: September 12, 2022 |

Plaintiff Jane Doe ("Plaintiff") and Defendant Uber Technologies, Inc. ("Uber") by and through their counsel of record, hereby stipulate and agree as follows:

Uber may ~~take the Psychiatric Examination~~ conduct an examination of Plaintiff, pursuant to Federal Rules of Civil Procedure Rule 35, at the time and place set forth below and subject to the conditions set forth herein as to the scope of the examination and the manner in which it will be conducted.

1. A psychiatric examination by Dr. April Thames, Ph.D. at ──────────────; 650 California Street, 26th Floor, San Francisco, California; tel. (562) 201-6602. The scheduled time is Monday, January 10, 2022 at 10 a.m.

2. This examination is subject to the terms of Federal Rule of Civil Procedure 35. Uber's counsel will produce a copy of Dr. Thames' report related to ~~the~~her psychiatric examination of Plaintiff under Federal Rule of Civil Procedure 35 within fourteen (14) days of the completion of Plaintiff's psychiatric examination. Within seven (7) days of Plaintiff's counsel's receipt of Dr. Thames report, Plaintiff will produce to Uber all "like reports of all earlier or later examinations, of the same condition" as required under Federal Rule of Civil Procedure 35(b)(3).

1. The parties intend to audio record only the clinical interview portion of Plaintiff's psychiatric examination by audio technology. However, said audio recording may not be played, and the contents of the recording and interview may not be used in any way, during Plaintiff's deposition, which is scheduled to occur on January 11, 2022.

2. ~~Plaintiff's psychiatric examination with~~ Dr. Thames' psychiatric examination of Plaintiff shall proceed for a duration of time not to exceed 4~~7~~ hours, including any interview and written tests. During the course of this psychiatric examination, Dr. Thames will examine the following standard topics, tests and procedures:

    i. Plaintiff's account of the subject incident and resulting emotional trauma;

    ii. Background information, including but not limited to educational history, occupational history, family history, medical history, developmental history, legal history, and psychiatric history;

    iii. Review and Summary of Plaintiff's Medical Records that have been produced or subpoenaed in this litigation;

    iv. Mental Status Examination of Plaintiff, including but not limited to appearance, speech, behavior, memory, insight, cognition, judgment, calculations, thought processes, affect, and proverbs;

    v. Review of Plaintiff's Systems, including but not limited to habits, activities, mood, phobias, appetite, energy level, relationships, and sleep patterns;

|   |   |   |
|---|---|---|
| | vi. | Tests: |

        a.   Beck Depression Inventory;

        b.   Beck Anxiety Inventory;

        c.   ~~MMPI-2~~

        d.   ~~MCMI-IV~~

        ~~e.~~c. Trauma Symptom Inventory-2;

        ~~f.~~d. Detailed Assessment of Posttraumatic Stress; and

        ~~g.~~e. Structured Clinical Interview for DSM-5 disorders

3. Neither counsel for Plaintiff nor counsel for Uber shall be present in the examination room for Plaintiff's psychiatric examination with Dr. Thames.

4. Uber will make available a certified interpreter to provide any necessary translation services, from Spanish to English and English to Spanish, during the course of Plaintiff's psychiatric examination.  Plaintiff shall be allowed to have a separate interpreter present to ensure proper translation. Any testing materials that are available in Spanish will be provided to Plaintiff in Spanish.  Any testing materials that are not available in Spanish will be translated to Plaintiff by the certified interpreter.

**IT IS SO STIPULATED AND AGREED.**

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: _____, 2021 | **PERKINS COIE LLP** |
| 3 | | By: _____ |
| 4 | | Julie L. Hussey<br>Julian Feldbein-Vinderman |
| 5 | | Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier CA, LLC |

DATED: _____, 2021     **WALKUP, MELODIA, KELLY & SCHOENBERGER**

By: _____
Matthew D. Davis
Sara M. Peters
Andrew P. McDevitt
Kelsey Constantin

Attorneys for Plaintiff Jane Doe

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Jane Doe, an individual using a pseudonym,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Uber Technologies, Inc.; Rasier, LLC; Rasier CA, LLC,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**[PROPOSED] ORDER REGARDING EXAMINATION OF PLAINTIFF BY DEFENSE EXAMINER**<br><br>[Assigned for all purposes to the Hon. Jacqueline S. Corley]<br><br>Complaint Filed: December 19, 2019<br><br>Trial Date: September 12, 2022 |

　　　　Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") may conduct a mental health examination of Plaintiff, pursuant to Federal Rule of Civil Procedure 35, at the time and place set forth below and subject to the conditions set forth herein as to the scope of the examination and the manner in which it will be conducted.

　　　　1.　　A mental health examination by Dr. April Thames, Ph.D. at Perkins Coie LLP, 505 Howard St, Ste. 1000, San Francisco, CA 94105; tel. (562) 201-6602. The scheduled time is Monday, January 10, 2022 at 10 a.m.

2. This examination is subject to the terms of Federal Rule of Civil Procedure 35. Defendants' counsel will produce a copy of Dr. Thames' report related to her examination of Plaintiff under Federal Rule of Civil Procedure 35 within fourteen (14) days of the completion of Plaintiff's examination. Within seven (7) days of Plaintiff's counsel's receipt of Dr. Thames report, Plaintiff will produce to Defendants all "like reports of all earlier or later examinations, of the same condition" as required under Federal Rule of Civil Procedure 35(b)(3).

3. The parties shall audio record only the clinical interview portion of Plaintiff's examination by audio technology.

4. Dr. Thames' examination of Plaintiff shall proceed for a duration of time not to exceed 7 hours, including any interview or written tests. During the course of this examination, Dr. Thames will examine the following standard topics, tests and procedures:

   i. Plaintiff's account of the subject incident and resulting emotional trauma;
   ii. Background information, including but not limited to educational history, occupational history, family history, medical history, developmental history, legal history, and psychiatric history;
   iii. Review and Summary of Plaintiff's Medical Records that have been produced or subpoenaed in this litigation;
   iv. Mental Status Examination of Plaintiff, including but not limited to appearance, speech, behavior, memory, insight, cognition, judgment, calculations, thought processes, affect, and proverbs;
   v. Review of Plaintiff's Systems, including but not limited to habits, activities, mood, phobias, appetite, energy level, relationships, and sleep patterns;
   vi. Tests:
       a. Beck Depression Inventory;
       b. Beck Anxiety Inventory;
       c. MMPI-2;
       d. MCMI-IV;
       e. Trauma Symptom Inventory-2;

      f. Detailed Assessment of Posttraumatic Stress; and

      g. Structured Clinical Interview for DSM-5 disorders

  5. Neither counsel for Plaintiff nor counsel for Defendants shall be present in the examination room for Plaintiff's examination with Dr. Thames.

  6. Defendants will make available a certified interpreter to provide any necessary translation services, from Spanish to English and English to Spanish, during the course of Plaintiff's examination. Any testing materials that are available in Spanish will be provided to Plaintiff in Spanish. Any testing materials that are not available in Spanish will be translated to Plaintiff by the certified interpreter.

**IT IS SO ORDERED.**

Dated: _____

              Hon. Jacqueline Scott Corley

# EXHIBIT C

| | |
|---|---|
| **From:** | Matthew D. Davis |
| **To:** | Feldbein-Vinderman, Julian (SDO); Hussey, Julie L. (SDO) |
| **Cc:** | Kelsey Constantin; Andrew McDevitt; Sara Peters; Sarae Snyder |
| **Subject:** | 2021-12-15 Stipulation Re IME of Plaintiff (Plaintiff edits).docx |
| **Date:** | Thursday, December 16, 2021 2:03:53 PM |
| **Attachments:** | 2021-12-15 Stipulation Re IME of Plaintiff (Plaintiff edits).docx |

Dear Counsel,

Attached is a red-lined version of the proposed stipulation.

After consulting with experts, we do not believe that the MMPI-2 and MCMI-IV are appropriate for this case. Both are lengthy tests and we do not stipulate to them.

Also, typically the examination follows a deposition. You will see that the stipulation prohibits anything disclosed during the examination from being used during Plaintiff's deposition, which takes place the day after the examination.

Finally, the experts we consulted with believe that no more than three hours is needed to conduct the exam and administer the tests, taking into account the translation. We nevertheless can agree to up to four hours. We need to be mindful that the test will likely be emotionally taxing on the Plaintiff and that she will need to recharge and sit for a deposition the next day.

Regards,



THIS ELECTRONIC MESSAGE, INCLUDING ANY ACCOMPANYING DOCUMENTS, IS CONFIDENTIAL and may contain information that is privileged under federal and/or state law. If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, you are not authorized to read, share, forward, distribute, copy, or take any other action with respect to the message or any attachments to the message. Further, you are not authorized to take, or forbear from taking, any legal action in reliance

upon the contents of the message. If you have received this communication in error, please notify the sender immediately. Thank you.

---

This email has been scanned by the Mailprotector Email Security System. For more information please visit http: mailprotector.com email