LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
KELSEY CONSTANTIN (State Bar #336666)
kconstantin@WalkupLawOffice.com
**ATTORNEYS FOR PLAINTIFF JANE DOE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LCC, RASIER CA, LLC,<br><br>    Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**PLAINTIFF'S OPPOSITION TO UBER'S MOTION TO MAINTAIN CONFIDENTIALITY OF PORTIONS OF THE DEPOSITIONS OF NICK SILVER AND JODI KAWADA PAGE**<br><br>Filed Concurrently with DECLARATION OF MATTHEW D. DAVIS<br><br>Date: January 27, 2022<br>Time: 9:00 am<br>Location: Ctrm. E, 15th Floor<br>Judge: Hon. Jaqueline Scott Corley<br><br>**Assigned to Magistrate Judge Jacqueline Scott Corley**<br><br>Action Filed: June 12, 2019<br>Trial Date: September 12, 2022 |

## I. ISSUE TO BE DECIDED

Has Uber met its burden to keep confidential portions of the deposition testimony of two high-level executives: (1) Nick Silver, Uber's Head of Marketing, U.S. and Canada; and (2) Jodi Kawada Page, Uber's Senior Manager of

Communications? (Davis Dec at ¶¶3-4.)[1] The answer is no, and the motion should thus be denied.

## II. OVERVIEW

Uber moves to keep confidential certain deposition testimony of two executives. It is Uber's burden to show that "particularized harm" will result if Mr. Silver's and Ms. Kawada Page's testimony is no longer confidential. But Uber does not discuss a single passage of the challenged testimony. Nor does it identify the particularized harm that will result if a specific passage of testimony is declassified. Instead, Uber argues that all of testimony should remain confidential to protect these executives from generalized embarrassment. " 'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.' " *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476(9th Cir. 1992) , quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986).

Uber's brief reflects a misreading of the law and the anger of a corporation that had its dirty laundry, exposed in the discovery process, publicly aired. Most of Uber's brief is devoted to re-litigating and complaining about this Court's previous denial of Uber's motion to maintain confidentiality of the deposition testimony of three Uber employees. (Dckt. 130.) The testimony that was declassified after this Court's prior order showed that Uber engages in secret and shocking practices that, among other things, shielded a sexual predator who drove for Uber from being reported to the police, and that misled an Uber rider who reported that this driver had kidnapped and sexually assaulted her. Uber is angry that this information has been publicly revealed, but that is no reason to grant the motion.

---

[1] See also https://www.latimes.com/business/technology/story/2021-12-02/uber-9-million-california-settlement-regulators-sexual-assault-data (Ms. Kawada Page quoted in news article about Uber reaching a $9-million settlement for its failure to comply with requests from California Public Utilities Commission for information about sexual assault claims made by its riders and drivers over nearly two years.)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

## III. DISCUSSION

The Ninth Circuit has set out the analysis that courts must engage in when considering whether to retain confidentiality over documents designated pursuant to a protective order:

> First, [a court] must determine whether 'particularized harm will result from disclosure of information to the public.' …. Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'

*In re Roman Catholic Archbishop*, 661 F.3d at 424 (internal quotations and citations omitted). The balancing test considers the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995):

1) whether disclosure will violate any privacy interests;

2) whether the information is being sought for a legitimate purpose or for an improper purpose;

3) whether disclosure of the information will cause a party embarrassment;

4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;

6) whether a party benefitting from the order of confidentiality is a public entity or official; and

7) whether the case involves issues important to the public.

*Glenmede Trust*, 56 F.3d at 483; see *In re Roman Catholic Archbishop*, 661 F.3d at 424 (directing courts to use these factors to determine whether good cause exists to maintain confidentiality designations).

Uber fails to clear the first step. Rather than submit declarations from the two executives whom Uber claims will be unduly embarrassed by the declassification of their deposition testimony, Uber's brief is filled with "I told you so!" indignation about media interest in the deposition testimony of a lower-level employee that this

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1 Court previously decided should be declassified. The company claims that this
2 employee was mortified to learn her testimony might be publicly disclosed, but does
3 not submit any admissible evidence to support that claim.[2] Uber's instant motion
4 rests on broad claims of potential embarrassment to the two executives—not the
5 lower-level employee—without making a particularized showing with respect to any
6 of their testimony. "Courts routinely reject boilerplate assertions of confidentiality
7 such as this." *Doe v. Uber*, Case No. 19-cv-03310-JSC, Order: Re Uber's Motion to
8 Maintain Confidentiality. (Dckt. 130) at 6:12.

9       Because Uber failed to clear the first step of the *In re Roman Catholic*
10 *Archbishop* test the Court need not consider the second step—the *Glenmede Trust*
11 factors. But should the Court consider those factors, they weigh in favor of denying
12 the motion.

13       As to the first *Glenmede* factor, none of the subject deposition testimony is
14 about the executives' personal lives. They are not asked about their health, their
15 income or where they live. The testimony is limited to their job duties. Thus, their
16 privacy interests would not be violated by disclosure.

17       As to *Glenmede*'s second "improper purpose" factor, Uber spends most of its
18 brief focusing on the media's interest in the previously declassified deposition
19 testimony. Uber falsely states that Plaintiff's counsel "leaked" those public records to
20 the *New York Times* and argues, without any supporting authority, that is an
21 improper to make such public records available to the media. But the *Glenmede*
22 factor four, "whether confidentiality is being sought over information important to
23 public health and safety" and *Glenmede* factor seven, "whether the case involves

---

[2] Uber submits declaration a from Tori Tanaka under seal. Plaintiff objects to paragraphs 2 of the Tanaka declaration on the hearsay grounds (FRE 801), and to paragraph 3 of her declaration on hearsay and improper opinion/speculation grounds (FRE 701, 801). Uber also submits a declaration from Andrew Hasbun. Plaintiff objects to paragraph 5 of the Hasbun declaration on hearsay and improper opinion/speculation grounds (FRE 701, 801).

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4
PLAINTIFF'S OPPOSITION TO UBER'S MOTION TP MAINTAIN CONFIDENTIALITY - CASE NO. 3:19-cv-03310-JSC

issues important to the public", show that sharing such declassified information with journalists comports with public policy and weighs heavily in favor of disclosure. The previously disclosed testimony, for example, shows that Uber, a company that facilitates millions of rides between strangers every day, engages in secret and deceptive practices when handling reports of drivers sexually assaulting riders. As the opinion editor from the *New York Times* wrote: "The [Uber] agents can't even suggest that victims call the police themselves. Why? Because police reports can puncture Uber's carefully crafted safety image — and open the company up to more lawsuits and responsibility." (https://www.nytimes.com/2021/12/22/opinion/uber-safety-ride-sharing.html; Exhibit 1 to Davis decl.) The lower-level employee's testimony was newsworthy not because she should be embarrassed—she testified truthfully and followed company orders—but because it showed that Uber *forced* her to follow outrageous policies and that took a toll on her.

> In one instance discussed in the depositions, [the employee], when she was working as a safety investigator, petitioned her managers to allow her to report to the police the details of an assault on a driver by armed passengers. "I wanted to reach out on behalf of this driver after hearing their statement of what happened," said [the employee]. "It was emotional for me to hear at the time, just given the facts and all of the phone calls that I had with all of the parties involved."
>
> She was told by supervisors that was not allowed. And of roughly 20 rape allegations [the employee] investigated, she said she didn't route a single one to the police. (*Id*.)

*Glenmede* factor three, "whether disclosure of the information will cause a party embarrassment," is the only factor upon which Uber relies. As noted above, Uber has not produced any admissible evidence to show that the disclosure of the testimony would cause embarrassment to the two executives. One of the executives, Ms. Kawada Page, makes media statements on Uber's behalf. (See n. 1 above.) But even if they would be embarrassed by disclosure, that does not come close to outweighing the other *Glenmede* factors that weigh in favor of disclosure.

*Glenmede* factor five weighs heavily against maintaining the confidentiality.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
PLAINTIFF'S OPPOSITION TO UBER'S MOTION TP MAINTAIN CONFIDENTIALITY - CASE NO. 3:19-cv-03310-JSC

"Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ; see also *Hernandez v. County of Monterey* (N.D. Cal., May 27, 2021, No. 13-CV-02354-BLF) 2021 WL 2166211, at *2 ("The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation.")

Plaintiff's counsel must correct the record. He was forthright with Uber about why he believed that Uber was not entitled to keep the lower-level employee's testimony secret.[3] The written notice challenging Uber's confidentiality designations of that employee's testimony stated: "Given that millions of riders use Uber every day, these are matters of public interest." (Davis decl. at ¶4.) When Plaintiff's counsel met-and-conferred with Uber's counsel about the challenges, he told Uber's counsel that he was shocked by what had been uncovered in the depositions, that he believed the company's secret policies and practices were putting Uber riders, especially women, at risk, and that he now considered this case to be "impact litigation." He told Uber's counsel that the reasons for challenging the designations included Plaintiff's goal of preventing what happened to her from happening to other Uber riders, and thus he intended to share the material with lawyers bringing similar cases against Uber, and to make the testimony public. (Davis decl. at ¶5.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to deny the motion.

---

[3] Plaintiff's counsel will not devote further space to respond to Uber's numerous *ad hominem* attacks. (See Uber Brief at 2:13; 3:28-4:1; 2:27; 3:3-5; 5:16-17; 5:26-27.)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

Dated: January 4, 2022            Walkup, Melodia, Kelly & Schoenberger

By: _____
MATTHEW D. DAVIS
SARA M. PETERS
ANDREW P. McDEVITT
KELSEY CONSTANTIN
Attorneys for PLAINTIFF JANE DOE

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
PLAINTIFF'S OPPOSITION TO UBER'S MOTION TP MAINTAIN CONFIDENTIALITY - CASE NO. 3:19-cv-03310-JSC

# CERTIFICATE OF SERVICE
**Jane Doe v. Uber, et. al.**
**Case No. 3:19-cv-03310-JSC**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place. My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as:

**PLAINTIFF'S OPPOSITION TO UBER'S MOTION TO MAINTAIN CONFIDENTIALITY OF PORTIONS OF THE DEPOSITIONS OF NICK SILVER AND JODI KAWADA PAGE**

to:

| | |
|---|---|
| Julie Hussey, Esq.<br>Julian Feldbein-Vinderman, Esq.<br>Perkins Coie LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA  92130-2080 | Attorneys for Defendants UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CQ, LLC (erroneously sued as RASIER CA, LLC)<br><br>Tel: 858-720-5750 (Hussey)<br>Tel: 858-720-5790 (Feldbein-Vinderman)<br>Office:  (858) 720-5700<br>Fax: 858-720-5850 (Hussey)<br>jhussey@perkinscoie.com<br>jfeldbeinvinderman@perkinscoie.com |

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based CA Rules of Court, Emergency Rules Related to COVID-19, Emergency rule 12 "Electronic Service" and on notice provided on March 12, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4, 2022, at San Francisco, California.

*/s/ Kirsten Benzien*
_____
Kirsten Benzien

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1
PLAINTIFF'S OPPOSITION TO UBER'S MOTION TP MAINTAIN CONFIDENTIALITY - CASE NO. 3:19-cv-03310-JSC