UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>  Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: UBER'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>Re: Dkt. No. 148 |

Uber's motion for issuance of letters rogatory to the Central Authority of Mexico for International Judicial Assistance to obtain the deposition of Plaintiff's fiancé, Cuauthli Padilla Arias, a citizen of Mexico, is now pending before the Court. (Dkt. No. 148.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 27, 2022 hearing, and GRANTS Uber's motion.

## DISCUSSION

A letter rogatory is a formal request "from a court in which an action is pending[ ] to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through letters rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country ... under a letter of request, whether or not captioned a 'letter rogatory[.]'"). In accordance with Rule 28(b)(1)(B), "[t]he Department of State has power, directly, or through suitable channels ... to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to

the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion," *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Asis Internet Servs. v. Optin Global, Inc*., No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007). A court must instead apply "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Id.* (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding a nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Uber insists that the testimony it seeks through the letters rogatory comports with Rule 26 as it seeks testimony from Plaintiff's fiancé regarding Plaintiff's factual allegations and the damages sought. In particular, Uber seeks testimony regarding:

> (1) what information he provided to Plaintiff to locate and identify the correct vehicle that he was paired with through the Uber App; (2) Plaintiff's fiancé's history of ordering Ubers on Plaintiff's behalf prior to the alleged incident on August 14, 2018; (3) Plaintiff's history of using Uber prior to the alleged incident on August 14, 2018; (4) Plaintiff's habits, activities, mood, phobias, appetite, energy level, relationships, and sleep patterns since the August 14, 2018 incident; (5) any marketing, advertising, social media or news information that either Plaintiff or her fiancé reviewed regarding how to use the Uber App, system, and related safety features prior to the August 14, 2018 incident; and (6) any information that Plaintiff confided to him relating to the incident, including her failure to identify the correct vehicle, following the incident.

(Dkt. No. 148 at 7-8.) Plaintiff does not dispute that Mr. Padilla's testimony is relevant or otherwise object to the scope of testimony sought. (Dkt. No. 150.) Rather, Plaintiff argues that Uber's request is too late because Uber cannot obtain Mr. Padilla's deposition before the January 21, 2022 fact discovery cut-off.[1]

---

[1] Plaintiff identifies the discovery cut-off as January 17, 2022, but the Court's Order extended the discovery cut-off to January 21, 2022. (Dkt. No. 134.)

Civil Local Rule 37-3 states that "'discovery cut-off' is the date by which all responses to written discovery are due and by which all depositions must be concluded." However, the rule also provides that depositions may occur "after the applicable discovery cut-off…by order of the Court for good cause shown." The Court finds that the unique circumstances here constitute good cause for Uber to obtain Mr. Padilla's deposition after the fact discovery cut-off.

First, obtaining deposition testimony via letter rogatory is a time-consuming process which requires cooperation from domestic and foreign governmental entities over which the party seeking discovery has no control. *See Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 542 (1987) (describing the letter rogatory process as "unduly time consuming and expensive."). Second, Plaintiff has been aware of Uber's desire to take Mr. Padilla's deposition for months and Uber has repeatedly sought her cooperation in securing Mr. Padilla's testimony, seemingly to no avail. (Dkt. No. 148-1 at ¶¶ 2-8.) Third, while Plaintiff has indicated that she "likely will" call Mr. Padilla as a witness at trial, she has refused Uber's efforts to cooperatively schedule the deposition in advance of trial. (*Id.* at ¶ 9; *see also* Dkt. No. 145 at 8.) Finally, because Plaintiff's counsel has indicated that it does not currently represent Mr. Padilla and lacks authority to accept a subpoena on his behalf, the only legal means for Uber to seek his deposition is through the letter rogatory process.

As there is no dispute that Mr. Padilla's testimony is relevant, the Court GRANTS Uber's motion for issuance of letters rogatory, and finds that there is good cause for Uber to take Mr. Padilla's deposition after the discovery cut-off.

This Order disposes of Docket No. 148.

**IT IS SO ORDERED.**

Dated: January 4, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge