LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFF JANE DOE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>                Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER CA, LLC,<br><br>                Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    January 6, 2022<br>Time:   1:30 p.m.<br><br>**Assigned to Magistrate Judge Jacqueline Scott Corley**<br><br>Action Filed:   June 12, 2019<br>Trial Date:     September 12, 2022 |

The parties hereby submit this joint statement in advance of the Case Management Conference scheduled for 1:30 p.m. on January 6, 2022.

Under submission to the Court at the time of the filing of this joint statement is a January 3, 2022 joint letter brief regarding the parties' dispute over the scope, manner, duration, and location of Plaintiff's upcoming mental health examination by Uber's expert, Dr. April Thames, Ph.D. (Doc. 152). The current schedule is that Plaintiff intends to fly to San Francisco on Sunday, January 9, submit to a mental health examination on Monday, January 10, and give deposition testimony on Tuesday, January 11. Plaintiff has insisted that all parties present during both her

1 IME and deposition be masked in light of the ongoing COVID-19 pandemic. That is
2 mandated by a San Francisco Public Health Ordinance that is in effect until at least
3 January 22.
4      Uber appreciates the significance of the current public health situation and
5 intends to fully comply with all laws, regulations and ordinances.  However, Uber
6 requests that the Plaintiff wear a clear mask for both her IME and deposition to
7 allow view of her facial expressions and because the deposition will be videotaped.
8 Uber has ordered a variety of clear masks that it will provide.
9      Plaintiff has booked her flight and made hotel reservations, as has Uber's
10 counsel and expert. Plaintiff will come if the schedule holds and is able to travel. But
11 Plaintiff's counsel believes that it would be appropriate to put a pause on having the
12 mental health examination and deposition happen next week. We are in the midst of
13 an unprecedented and unpredictable surge in the COVID pandemic fueled by the
14 highly contagious omicron variant. Several members of Plaintiff's firm have tested
15 positive in recent weeks, despite being vaccinated, boosted and cautious. If the
16 proceedings happen next week, then not only will Plaintiff have to fly to San
17 Francisco, but so will counsel for Uber and Dr. Thames. There many risks associated
18 with the air travel and the procedings. Someone might test positive at the last
19 moment and be unable to travel. Flights may be cancelled. Defendants want to have
20 Plaintiff spend about 16 hours in closed rooms with strangers next Monday and
21 Tuesday. Someone in that room might be unknowlingly infected and contagious.
22 According to Plaintiff's counsel, early data shows that even N95 masks (which clear
23 masks are not) do not always stop the spread of the omicron variant. In sum, the
24 risks and burdens associated with those in-person procedings greatly outweigh the
25 need for them to happen next week. Plaintiff would agree to either postponing them
26 for at least 30 days, or to having them occur remotely. Plaintiff does not seek to re-
27 litigate the issue of whether she has to appear in person for these procedings, but she
28 notes that the public health picture has dramatically changed since the Court issued

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2
JOINT CASE MANAGEMENT CONFERENCE STATEMENT - CASE NO. 3:19-cv-03310-JSC

the order. If the exam and deposition are postponed, then the pre-trial schedule will have to be adjusted. There is still much time between now and the September trial date.

Uber will agree to Plaintiff's request to postpone this key deposition and Plaintiff's examination s only if all deadlines are continued in this case, including the trial date. The current case schedule is tight. Uber needs to depose and examine the Plaintiff to appropriately gather evidence and informatoin before designating experts, producing expert reports or having experts offer deposition testimony. Also, completing fact and expert discovery is necessary before Uber files a motion for summary judgment supported by the underlying evidence. Uber requests either a stay pending the *Doe v. Uber* case pending in the California Court of Appeal on the same legal issues in this case or a a continuance of all deadlines by 80 days if Plaintiff's deposition and examninatoin are postponed. The Court recently granted Uber's motion for issuance of letters rogatory with respect to Cuauhtli Padilla. Uber strongly prefers that Plaintiff attempt to obtain Mr. Padilla's compliance to voluntarily appear for his deposition via Zoom prior to the current January 21, 2022 fact discovery cut-off. Uber's position is that it would be unduly prejudiced by not having Mr. Padilla's testimony before the expert disclosure deadline (February 7) or the MSJ deadline (April 7). In addition to the categories of testimony listed previously, Plaintiff recently amended discovery responses which asked her to identify any individuals that had ever submitted a third-party ride request on her behalf through the Uber App prior to the subject incident. While Plaintiff initially responded by identifying Mr. Padilla and "maybe her sister", and stated that she believes she had taken no more than five to six guest rides prior to August 14, 2018, she later changed her response to only her sister and one guest ride. Uber should be able to ask Mr. Padilla about this glaring inconsistency under oath. Experience using the system is a key issue.

Plaintiff acknowledges the Court's ruling on the letters rogtory. Plaintiff's

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
JOINT CASE MANAGEMENT CONFERENCE STATEMENT - CASE NO. 3:19-cv-03310-JSC

counsel does not believe that Uber should now have to go through that process if it can be avoided. Plaintiff will reach out to Mr. Padilla to see if he would agree to appear for a remote deposition without the need for a formal subpoena.

Also pending is Uber's motion to maintain the confidentiality of portions of the depositions of Nick Silver and Jodi Kawada Page, set for hearing on January 27, 2022.

Uber is producing the remaining witnesses in response to Plaintiff's outstanding 30(b)(6) topics on January 5, 6, 18, 19, and 20.

Uber previously noticed the following depositions, which have not been rescheduled at this time but to which Plaintiff makes no objection:

- The remote deposition of Joan Taylor, RN (San Mateo SART nurse who examined Plaintiff) on November 30.
- The remote deposition of Brandyn Davis, RN (San Mateo SART nurse who examined Plaintiff) on November 30.
- The remote deposition of Julio Cesar Gamez Mendez, Master, M.G.T. (mental health counselor from whom Plaintiff received treatment in Guadalajara) on December 2, 2021.
- The remote deposition of Geri Archibald, NP (San Mateo health care professional who examined Plaintiff) on December 2.

Per the Court's scheduling order of November 18, 2021, the fact discovery cutoff is now January 21, 2022, and the initial expert disclosure deadline is now February 7, 2022. The Court vacated the settlement conference with Judge Westmore and indicated in its November 18, 2021 order that it would discuss the settlement conference at this January case management conference.  The parties will be prepared to discuss a proposed date for rescheduling the settlement conference at the January 6, 2022 case management conference.

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
JOINT CASE MANAGEMENT CONFERENCE STATEMENT - CASE NO. 3:19-cv-03310-JSC

| | | |
|---|---|---|
| 1 | Dated: January 5, 2022 | WALKUP, MELODIA, KELLY & SCHOENBERGER |

By:     /s/ Matthew D. Davis
        MATTHEW D. DAVIS
        SARA M. PETERS
        ANDREW P. McDEVITT
        Attorneys for PLAINTIFF JANE DOE

Dated: January 5, 2022        **PERKINS COIE LLP**

By:     */s/ Julie L. Hussey*
        JULIE L. HUSSEY
        JULIAN FELDBEIN-VINDERMAN
        Attorneys for DEFENDANTS UBER
        TECHNOLOGIES, INC., RASIER, LLC, and
        RAISER-CA, LLC

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
JOINT CASE MANAGEMENT CONFERENCE STATEMENT - CASE NO. 3:19-cv-03310-JSC