Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
Julian Feldbein-Vinderman, Bar No. 307838
JFeldbeinVinderman@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone:  858.720.5700
Facsimile:  858.720.5799

Attorneys for Defendants Uber Technologies, Inc.,
Rasier, LLC, and Rasier-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC,<br><br>Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Date: January 27, 2022<br>Time: 9 a.m.<br>Location: San Francisco Courthouse, Courtroom E—15th Floor<br>Judge: Hon. Jacqueline Scott Corley |

**TABLE OF CONTENTS**

Page

ARGUMENT ............................................................................................................................... 1

    I.    Defendants have sufficiently demonstrated that "particularized harm" would result from the public disclosure of the challenged deposition testimony. ................................................................................................................ 1

    II.    The *Glenmede* factors weigh in favor of maintaining the confidentiality of the challenged deposition testimony. ............................................................... 2

CONCLUSION .......................................................................................................................... 6

# TABLE OF AUTHORITIES

Page

**CASES**

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003)...................................................................................................5

*Glenmede Tr. Co. v. Thompson*,
  56 F.3d 476 (3d Cir. 1995).............................................................................................2, 3, 6

*In re Roman Cath. Archbishop of Portland in Or.*,
  661 F.3d 417 (9th Cir. 2011)......................................................................................1, 3, 4

*Kamakana v. City and County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006).................................................................................................4

*Phillips ex rel. Estates of Byrd v. General Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002)................................................................................................1

**RULES**

Fed. R. Civ. P. 26(c).............................................................................................................................1

Fed. R. Civ. P. 26(c)(1)(G) .................................................................................................................1

-ii-
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS
CASE NO. 3:19-CV-03310-JSC

Uber submits this reply brief in support of its motion to maintain the confidentiality of certain portions of the deposition testimony of Uber employees Jodi Kawada Page and Nicholas Silver.

## ARGUMENT

### I. Defendants have sufficiently demonstrated that "particularized harm" would result from the public disclosure of the challenged deposition testimony.

The Court must first consider whether "particularized harm" will result if the designated materials are disclosed to the public or to an adverse party. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). Defendants have demonstrated that particularized harm would result from publicly disclosing the challenged deposition testimony. Federal Rule of Civil Procedure 26(c) authorizes a district court to override the presumption of public access to pre-trial discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Courts issue such orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and this court should do so here. Fed. R. Civ. P. 26(c)(1)(G).

Plaintiff insinuates that her efforts to de-designate the deposition testimony of Uber employees is in the public's best interest (Opp. at 2, 6). But it is now clear that what Plaintiff actually seeks is to publicly humiliate individual Uber employees — who have no association with the underlying facts of this case whatsoever and about issues that also have no relation to this case simply to garner media attention. Plaintiff ironically fails to realize that by plucking transcript excerpts, spinning phrases and removing all context in order to sensationalize the issues and publicly embarrass Uber employees, or the media discourages witness candor for fear of being excoriated in the press and on the internet.

A mere day after Defendants filed their motion, Greg Bensinger, a member of the New York Times Editorial Board, published an opinion piece that identified each of the Uber employees by name whose testimony has been de-designated by the Court's prior order (Dkt. No. 130), cherrypicked select quotes of deposition testimony out of context, and included several glaring

factual inaccuracies that ultimately required Mr. Bensinger to issue a public correction.[1]  *See* Declaration of Julian Feldbein-Vinderman, ¶ 2.  In particular, the original version of Mr. Bensinger's opinion piece stated that Briana Lambert (a former Uber Special Investigator) investigated Plaintiff's alleged assault but "appeared powerless to help her."  *Id.*, ¶ 3.  Actually, Ms. Lambert was not involved in the investigation of Plaintiff's alleged assault at all.  The Bensinger opinion piece went on to state that "[t]hough the driver had previously been kicked off Uber's app months before for purportedly harassing another passenger, Ms. Lambert's script only allowed her to say, 'I am sorry to hear about what you described.  I do thank you for your courage.'"  *Id.*  This entire section is incorrect.  Ms. Lambert never spoke to or otherwise interacted with Plaintiff at any point in time.  *Id.*, ¶ 4.  Thus, this situation does not involve a question of investigative reporting — it is an example of Plaintiff feeding slanted information to an opinion columnist, who raced to publish a factually incorrect opinion piece.

Ultimately, there is a real risk that the same distortion of the truth will occur if the Court permits the deposition testimony of Jodi Kawada Page and Nicholas Silver to be de-designated, resulting in reputational harm and embarrassment.[2]  This is not simply a case of "potential embarrassment" as Plaintiff claims.  Plaintiff is going to great lengths to shame witnesses, untethered by reality and with no allegiance to the actual evidence.

## II. The *Glenmede* factors weigh in favor of maintaining the confidentiality of the challenged deposition testimony.

Once the Court finds that disclosure of the challenged deposition testimony will result in specific harm, it must then consider and balance other public and private interests in order to decide whether defendants' interest in protecting the challenged discovery materials outweighs the

---

[1] Even before the public correction was issued, Mr. Bensinger's opinion piece had been published in the editorial section of the New York Times' website, and shared and re-shared by Mr. Bensinger and his followers through various social media platforms, including Twitter and Facebook.  Plaintiff's counsel also reshared the article on their LinkedIn page(s).

[2] On January 5, 2022, Plaintiff's counsel sent a 22-page letter to the CPUC (Uber's regulator) and members of the San Francisco City Attorney's office which mischaracterized the testimony of various Uber employee deponents in a further attempt to harass Uber and its employees and invite unwarranted regulatory scrutiny.  That letter will be the subject of an upcoming motion for protective order but represents the ongoing harm to Uber and its employees by Plaintiff's counsel's conduct.

1. public's and plaintiffs' interests in disclosure. *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d at 424. Those factors are: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* at n.5 (citing *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)). On balance, the *Glenmede* factors weigh strongly in favor of preserving the confidentiality of the challenged deposition testimony.

*First*, Plaintiff argues that because Ms. Page and Mr. Silver were "not asked about their health, their income or where they live" but only about their job duties (Opp. at 4), publicly disclosing the challenged testimony would not violate the privacy interests of Ms. Page and Mr. Silver. This argument misses the mark entirely. We live in the internet age where information travels quickly and people, and their addresses, are easily searchable. Neither Ms. Page nor Mr. Silver are parties to this litigation. They are rank and file employees who had no choice but to be dragged into this case during the discovery process. It would be one thing if Plaintiff simply disclosed testimony within context, but inaccurately spinning excerpts — which has already happened — creates concern for individuals and their privacy.

*Second*, Plaintiff has failed to identify a "legitimate purpose" for publicly disclosing the challenged testimony. She unconvincingly defends her previous decision to disclose the deposition testimony of three Uber employee deponents by calling them "public records" (Opp. at 4). However, obtaining an order declassifying the deposition testimony of the three Uber employee deponents and vaguely referring to this case as "impact litigation" (Opp. at 6) is not tantamount to allowing Plaintiff unfettered permission to provide slanted information to the media. A media blitz to "impact" the jury pool should not be allowed.

The New York Times is a flagship newspaper with considerable resources. Its reporters are perfectly capable of monitoring and reviewing public dockets without Plaintiff slipping

-3-

1  misrepresentations to them.  Plaintiff's spin about allegedly "shocking Uber practices" — although
2  patently incorrect and will be proven incorrect at trial — have already been aired in multiple public
3  pleadings on a public docket.  The media can access that docket and can monitor the case if it
4  wishes, as can any other interested member of the public.  There is no reason for Plaintiff to de-
5  designate Ms. Page's and Mr. Silver's deposition testimony, other than to harass and embarrass
6  these witnesses and Uber.  And the law is clear that misappropriating the Court's coercive
7  discovery power for purposes unrelated to the merits of the litigation such as putting Uber
8  employees in the crosshairs of public opinion and the national media to exert additional pressure
9  on Uber is not a legitimate basis for de-designating the deposition transcripts.  *See In re Roman*
10 *Cath. Archbishop*, 661 F.3d at 429 (9th Cir. 2011) (explaining that "promot[ing] public scandal" is
11 an improper purpose); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179
12 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in
13 disclosure and justify sealing court records exist when such 'court files might have become a
14 vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
15 scandal, circulate libelous statements, or release trade secrets.").

16      *Third*, Plaintiff's Opposition callously skates over the real emotional damage that
17 Plaintiff's counsel caused to at least one of Uber's employee-deponents with no indication of
18 empathy.  However, as explained above and at length in Defendants' moving papers, public
19 disclosure of the challenged deposition testimony has and will cause Ms. Kawada Page and
20 Mr. Silver embarrassment.  Plaintiff attempts to argue that Ms. Kawada Page's role as a member of
21 Uber's Safety Communications team and interactions with the media on unrelated regulatory
22 matters somehow insulate her from embarrassment if her deposition testimony were to be publicly
23 disclosed (Opp. at 5).  This argument falters out of the gate.  Ms. Kawada interacts with the media
24 as part of her normal day-to-day job responsibilities at Uber.  This does not mean that she would
25 not suffer embarrassment if deposition testimony related to her job performance at Uber is publicly
26 disclosed.

27      *Fourth*, a substantial portion of the challenged testimony relates to Uber policies that were
28 in effect over three years ago and many of which have changed since then.  Plaintiff fails to

-4-

explain how her distorted framing of Uber's historical policies for investigating safety incidents is important to present day public health and safety.

*Fifth*, Plaintiff's reference to "collateral litigation" is a classic red herring. Plaintiff again fails to identify a single collateral litigant or explain how the challenged deposition testimony is even tangentially relevant to this purported collateral litigation. That is critical because under normal circumstances, the collateral litigant would have to file a motion to intervene in this action and demonstrate the relevance of the protected discovery materials to this Court's satisfaction before the Court could modify the protective and order the limited disclosure of the deposition testimony. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). There is simply no reason why other unnamed litigants (or counsel seeking to drum up new plaintiffs) should have access to Ms. Page's or Mr. Silver's deposition testimony without first demonstrating its relevance to their respective proceeding(s).

*Sixth*, Uber is not a public entity or official, so this factor is neutral.

*Seventh*, this case involves a tragic incident where the Plaintiff alleges she was assaulted by a third-party criminal named Brandon Sherman and seeks compensatory damages from Uber. Mr. Sherman has stood criminal trial and is serving a prison sentence. Plaintiff did not request a ride while utilizing the Uber app, someone else did from miles away. And Plaintiff did not get in a car affiliated with the Uber app. She entered Brandon Sherman's car without confirming whether it was the correct car that someone from miles away ordered for her, despite having had the license plate information for the correct vehicle. Therefore, her actual connection with Uber under this set of facts is tenuous. Plaintiff is not seeking public injunctive relief or bringing a class action on behalf of a representative class. Those claims would fail. This case does not rise to the level of public importance that Plaintiff claims. It is a case of mistake, alleged negligence under this specific set of facts, where the facts indicate contributory negligence. There is no indication that the New York Times or any other media outlet had an interest in this case until Plaintiff shared slanted and inaccurate information with them.

/ / /

/ / /

At least six of the seven *Glenmede* factors weigh in favor of preserving the confidentiality of the challenged deposition testimony.  Therefore, the Court should maintain the confidentiality of Ms. Page's and Mr. Silver's deposition testimony.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and enter a protective order to maintain the confidentiality of the challenged deposition testimony set forth in Exhibits 1 and 2.  If the Court is inclined to deny Defendants' Motion and order that Ms. Page's and/or Mr. Silver's deposition testimony be made public, Defendants respectfully request, that they be permitted to redact Ms. Page's and Mr. Silver's names as well as any other personally identifiable information from their respective deposition transcripts.

Dated:  January 11, 2022                    **PERKINS COIE LLP**

By: */s/ Julie L. Hussey*
    Julie L. Hussey
    JHussey@perkinscoie.com
    Julian Feldbein-Vinderman
    JFeldbeinvinderman@perkinscoie.com

Attorneys for Defendants
Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC