UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: UBER'S SECOND MOTION TO RETAIN CONFIDENTIALITY DESIGNATIONS**<br><br>Re: Dkt. No. 146-4 |

Jane Doe brings a negligence claim against Uber and its wholly owned subsidiaries Rasier, LLC and Rasier CA, LLC (collectively "Uber") arising from an assault by a former Uber driver posing as a current Uber driver. In accordance with the parties' stipulated protective order, Uber has designated documents and testimony produced in discovery as confidential. (Dkt. No. 75.) Plaintiff has challenged Uber's confidentiality designations for two deposition transcripts; as a result, Uber moves to maintain the confidentiality designations as required by Section 6.3 of the protective order. (Dkt. No. 146-4.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 27, 2022 hearing, and DENIES the motion to maintain the confidentiality designations. As with its prior motion to retain confidentiality of portions of deposition transcripts, Uber has failed to demonstrate a risk of particularized harm if the at-issue testimony is public and thus has failed to demonstrate good cause to maintain the confidentiality designations.

## LEGAL STANDARD

As a general rule, "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal citations and quotation marks omitted). However, pursuant to

Federal of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The district court has "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Although courts generally make a finding of good cause prior to issuing a protective order, a court need not do so if the parties stipulate to entry of a protective order. *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1211 (9th Cir. 2002). If the parties stipulate to a protective order without making a good cause showing, then the burden of proof as to the confidentiality of the documents at issue remains with the party seeking protection. *See id*. at 1211 n.1. Where a party challenges the confidential designation of certain documents with particularity, then "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *In re Roman Catholic Archbishop*, 661 F.3d at 424.

The Ninth Circuit demands that courts engage in the following analysis when considering whether to retain confidentiality over documents designated pursuant to a protective order:

> First, [a court] must determine whether 'particularized harm will result from disclosure of information to the public.' .... Second, if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'

*In re Roman Catholic Archbishop*, 661 F.3d at 424 (internal quotations and citations omitted). The balancing test considers the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995):

1) whether disclosure will violate any privacy interests;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;
4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will

          promote fairness and efficiency;

    6) whether a party benefitting from the order of confidentiality is a public entity or official; and

    7) whether the case involves issues important to the public.

*Glenmede Trust*, 56 F.3d at 483; *see In re Roman Catholic Archbishop*, 661 F.3d at 424 (directing courts to use these factors to determine whether good cause exists to maintain confidentiality designations).

## DISCUSSION

Uber moves to maintain the confidentiality of portions of the depositions of Uber employees Jodi Page and Nicholas Silver on the grounds that disclosure of this testimony would cause the employees embarrassment. (Dkt. No. 146.) This is the second such motion from Uber—the Court previously denied Uber's motion to maintain the confidentiality of portions of depositions of three other Uber witnesses because Uber had failed to demonstrate a particularized risk of harm if the deposition testimony was made public. (Dkt. No. 130.)

Uber's second motion fares no better. In fact, Uber has made even less of a particularized showing as it fails to even discuss the transcript portions it seeks to seal and instead makes a generalized claim of embarrassment if the testimony were disclosed. Uber's motion rests almost entirely on the argument that following the Court's prior Order de-designating deposition transcripts, the New York Times obtained the transcripts, and one of the deponents told an Uber human resources partner that she experienced embarrassment and anxiety about the prospect of public exposure. (Dkt. No. 146-9.) In its reply, Uber attaches a copy of a New York Times opinion piece from December 22, 2021 which discusses, among other things, the deposition testimony that was the subject of the Court's prior Order. (Dkt. No. 161-1.)

Uber has not demonstrated a "particularized harm [that] will result from disclosure of information [in these two additional depositions] to the public." *In re Roman Cath. Archbishop*, 661 F.3d at 424. Uber's motion fails to address the risk of harm with the testimony that is the subject of *this* motion. Employees are routinely deposed when their employer is sued—often about embarrassing or upsetting subjects such as harassment and discrimination in the workplace. Uber's "[b]road allegations of harm, unsubstantiated by specific examples or articulated

3

1  reasoning" fail to demonstrate why these deponents' testimony is any different. *Id*. (cleaned up).
2  Indeed, to accept Uber's argument would mean that in any case in which there is public interest
3  deposition transcripts should be routinely sealed from public view because "[w]e live in the
4  internet age where information travels quickly and people, and their addresses, are easily
5  searchable." (Dkt. No. 61 at 6.) While that may be the case, Uber has not shown that the public
6  disclosure of the previous testimony—which merely revealed Uber's alleged policies as opposed
7  to anything specific or personal as to the deponents—led to or is even likely to lead to improper
8  communications with the deponents. The New York Times contacting the deponents to ask for
9  comment is not an improper communication; all the deponents had to do is refer the press to
10 Uber's public relations department. It is not the law that depositions must be sealed in any case in
11 which the press might be interested.

12 Because Uber has not met its initial burden of showing particularized harm, there is no
13 need to go to the second step and apply the *Glenmede Trust* factors "to balance the public and
14 private interests to decide whether [maintaining] a protective order is necessary." *In re Roman*
15 *Cath. Archbishop*, 661 F.3d at 424 (cleaned up).

16 Uber's alternative request that it be allowed to redact the deponents' names and
17 unspecified "personally identifiable information" is also denied. Uber offers no legal authority for
18 its request to redact the names—names which Uber uses throughout its motion and are in the
19 redacted version of the publicly filed deposition transcripts such that a redaction now would have
20 no practical effect. Nor has Uber identified any "personally identifiable information" other than
21 the deponents' names.

## CONCLUSION

23 For the reasons stated above, Uber's motion to retain confidentiality designations is
24 DENIED. (Dkt. No. 146-4.)

25 Uber's accompanying administrative motion to seal is DENIED for the reasons set forth in
26 this Order except that it is granted as to the request to seal Paragraph 6 of Ms. Tanaka's
27 declaration (Dkt. No. 146-9), and the portion of Uber's brief that quotes from Paragraph 6 (Dkt.
28 No. 146-4 at 7:6-16) as Uber states that the information in the declaration was provided to Ms.

Tanaka in confidence.

This Order disposes of Docket No. 146.

**IT IS SO ORDERED.**

Dated: January 20, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge