LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
KELSEY CONSTANTIN (State Bar #336666)
kconstantin@WalkupLawOffice.com
**ATTORNEYS FOR PLAINTIFF JANE DOE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LCC, RASIER CA, LLC,<br><br>Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER TECHNOLOGIES, INC. AND ITS COUNSEL**<br><br>*Filed concurrently with DECLARATION OF MATTHEW D. DAVIS and PROPOSED ORDER*<br><br>**Date:  March 17, 2021**<br>**Time:  9:00 a.m.**<br>**Dept.:  San Francisco Courthouse, Courtroom E – 15th Floor**<br>**Judge:  Hon. Jacqueline Scott Corley**<br><br>**Assigned to Magistrate Judge Jacqueline Scott Corley**<br><br>Action Filed:   June 12, 2019<br>Trial Date:      September 12, 2022 |

1
PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 17, 2022 at 9:00 a.m., Plaintiff JANE DOE, an individual using a pseudonym, by and through her counsel of record, will and hereby do move the Court for an award of sanctions against Defendant Uber Technologies, Inc.

This motion is made pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37 and is based on this Notice of Motion, the Memorandum of Points and Authorities that follows, the papers on file in this action, and any argument and evidence to be presented at the hearing on this Motion, and any matters that properly may come before the Court.

## RELIEF SOUGHT

Assuming Defendant's Motion to Compel is denied, Plaintiff seeks an award of sanctions against Defendant Uber Technologies, Inc., its attorney of record, or both, in the amount of $10,500. This relief is sought pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     ISSUE TO BE DECIDED

Defendants UBER TECHNOLOGIES, INC., RAISER LLC, AND RAISER-CA, LLC (collectively, "Uber") have engaged in abuse of the discovery process. If Defendants Motion to Compel is denied, the Court "*must*" award sanctions, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B) [emphasis supplied].

The issue presented is whether Defendants' Motion to Compel was substantially justified, or other circumstances exist such that an award of sanctions

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2

PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL -
CASE NO. 3:19-cv-03310-JSC

would be unjust. The answer to both is no. The Court should grant this motion for sanctions against Uber and its counsel.

## II. RELEVANT FACTUAL BACKGROUND

On November 18, 2021, this Court held a case management conference and extended until January 21, 2022, the cutoff to complete *outstanding* discovery. The Court instructed the parties that there should be no new discovery without leave of the Court:

> Oh, the other thing is, no new discovery; right? So this is extending the discovery cutoff to complete the discovery that's been served, but no new discovery. (Exh. A to Davis Decl. [transcript of 11-18-2021 CMC] at 4:25-5:2.)

On January 20, 2022, Uber propounded RFPD no. 69, requesting all communications between Plaintiff or Plaintiff's representatives and any third-party that discuss, attach, forward, or otherwise mention any evidence produced in this case. (Exh. B to Feldbein-Vinderman Decl.) It propounded this request without seeking an order of the Court for good cause shown. If Plaintiff was obligated to respond, a response would be due on February 22. *See* Fed. R. Civ. P. 34(b)(2)(A).

On January 28, 2022, eight days after propounding RFPD no. 69, Uber filed its motion to compel. Uber's counsel did not meet and confer with Plaintiff's counsel before doing so. (Davis Decl. at ¶7.)

Uber's motion makes no effort to hide the fact that its disquietude about journalists and regulators having access to material that this Court declassified is what motivated the company to propound RFPD no. 69 and to file its motion to compel:

> Uber's request to Plaintiff is necessitated by Plaintiff counsel's recent transmission of communications to third parties (including the media and the California Public Utilities Commission, Uber's California regulator), commenting on the evidence produced in this case. (Uber Opening Brief at 2:9-12.)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3
PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

On January 30, Plaintiff's counsel sent an email to Uber's counsel asking the company withdraw its motion to compel because it was not permitted by Fed. R. Civ. P. 37, and because Uber did not meet and confer before filing it. (Exh. D to Davis Decl.) That email cautioned that Plaintiff may seek sanctions if Uber did not withdraw the motion. (Davis Decl. at ¶8.)

### III. ARGUMENT

Assuming Defendant's Motion to Compel is denied, the Court "*must*" award sanctions, unless "the motion was substantially justified or other circumstances make an award of expenses unjust," in which case it cannot award sanctions. Fed. R. Civ. P. 37(a)(5)(B) [emphasis supplied]. Courts generally construe "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The losing party's decision to seek the motion to compel is substantially justified if it raises a "genuine dispute." *See id*. The "other circumstances" that would "make an award of expenses unjust" are left to judicial discretion, but may include circumstances in which the prevailing party acts unjustifiably. *See* Fed. R. Civ. P. 37(a) advisory committee's note (1970). Here, no genuine dispute exists, and Plaintiff has not acted unjustifiably, for several reasons which will now be discussed.

#### A. Uber filed the motion to compel before any response to the subject request could be due, a breach of Fed. R. Civ. P. 37.

Uber's motion to compel was facially invalid. Federal Rule of Civil Procedure 34 governs requests for production, and requires a party to make a written response within 30 days of service of a request. Fed. R. Civ. P. 34(b)(2)(A).

Federal Rule of Civil Procedure 37 governs motions to compel, and authorizes a motion to compel a document production only after a responding party fails to respond to a request, or responds improperly, or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv).

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

4

PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

In sum, Federal Rule of Civil Procedure 37 codifies due process principles: the rule gives the responding party the time and opportunity to respond to the RFPD in writing; the rule permits the propounding party to seek judicial relief if and when the responding party makes an improper response, or fails to provide a timely written response, or fails to produce documents when due. The rule does not permit a propounding party to move to compel production before the responding party has been given the opportunity to make a Rule 34 written response to the request.

Here, Uber propounded RFPD no. 69 on January 20. Per Fed. R. Civ. P. 34(b)(2)(A), any response is due by February 22. Thus, Uber cannot make a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) before that due date.

Uber nevertheless filed its motion on January 28. Uber sought extraordinary relief – an order compelling Plaintiff to produce documents before her written Rule 34 response is due – without even citing Federal Rule of Civil Procedure 37. The motion was not "substantially justified."

### B. Sanctions should be granted because Uber did not meet and confer before filing the motion to compel, in violation of FRCP 37 and Local Rule 37.

Federal Rule of Civil Procedure 37(a)(1) states: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37(a) reiterates that requirement: "Conference Between Counsel Required. The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."

No Rule 37 certification is included in Uber's motion, which is unsurprising because Uber made no attempt to meet-and-confer before it filed the motion. Worse, Uber did not withdraw its motion in response to Plaintiff's email explaining why the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

motion was patently improper and could warrant sanctions. (Davis Decl. at ¶8.) Once again, Uber's actions in this regard were not "substantially justified."

### C. Uber's motion sought to compel a discovery response after the discovery cutoff.

Not only was the motion procedurally invalid, the underlying request for production is also not enforceable. At the November 18, 2021 CMC, the Court extended the deadline to complete outstanding fact discovery and instructed the parties that there should "no new discovery." (Exh. A to Davis Decl.) Yet Uber propounded RFPD no. 69 two months later.

Moreover, RFPD no. 69 is untimely even absent the Court's "no new discovery" instruction. The Court established new cutoff of January 21, 2022 to complete outstanding discovery. (Docket no. 134.) Even if the Court had allowed Uber to propound new discovery, which the Court did not, and January 21 was the new fact discovery cutoff, then RFPD no. 69 is untimely and unenforceable. "***Discovery requests that call for responses*** or depositions a***fter the applicable discovery cut-off are not enforceable***, except by order of the Court for good cause shown." (N.D. Cal. Civil Local Rule 37-3 [emphasis supplied].) Uber served RFPD no. 69 on January 20, and, as discussed above, Plaintiff's response is not due until February 22, well after the January 21 cutoff. Thus, the request is not timely there is no "genuine issue" about it.

### D. Substantively, RFPD no. 69 is objectionable and intended to retaliate against the litigants for exercising their First Amendment rights and to chill others from engaging in free speech.

Uber's motion to compel was intended to harass and retaliate against Plaintiff and her counsel for exercising their First Amendment rights. The request seeks communications between Plaintiff and Plaintiff's counsel and third parties, including journalists and regulators, that discuss the evidence in this case. That is not a

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6
PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

request that is reasonably calculated to lead to the discovery of admissible evidence. Nor is it proportional. Uber actually admits that RFPD no, 69 and this motion are motivated by (1) the New York Times' publication of an opinion piece that quoted and discussed declassified depositions, and (2) the letter that Plaintiff's counsel sent to the CPUC, Uber's regulator in California, that revealed the de-classified evidence. (Uber Opening Brief at 2:9-12.) Neither document points to or gives rise to suspect any improper activity by Plaintiff or her counsel.

Uber may not like the fact that declassified evidence from this case is now in the possession of journalists and regulators, but that does not justify its patently untimely RFPD no. 69 and its unauthorized motion to compel. It is reasonable to infer that both acts were instead intended to chill First Amendment activity. Under these circumstances, Plaintiff's decision to make the instant motion is clearly justifiable, and an award of sanctions against Uber would not be "unjust."

In sum, Uber's motion to compel was not substantially justified, nor would an award of sanctions be unjust. Therefore, the Court should grant sanctions.

### E. Sanctions in the Amount of $10,500 are Reasonable

The Court may award attorney's fees and expenses reasonably incurred in opposing the motion to compel. Fed R. Civ. P. 37(a)(5)(B). Uber's abuse of the discovery process has caused Plaintiff's counsel to incur at least 14 hours responding to the motion to compel and preparing this motion for sanctions. (Davis Decl. at ¶9.) An hourly rate of $750 for this time is reasonable. (Davis Decl. at ¶¶10, 11.) Therefore, the Court should award sanctions in the amount of $10,500 (Davis Decl. at ¶11.)

///

///

///

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7
PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award sanctions against Uber and its counsel in the amount of $10,500.

Dated: February 10, 2022          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MATTHEW D. DAVIS
SARA M. PETERS
ANDREW P. McDEVITT
KELSEY CONSTANTIN
Attorneys for PLAINTIFF JANE DOE

8

PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER AND ITS COUNSEL - CASE NO. 3:19-cv-03310-JSC

# CERTIFICATE OF SERVICE
**Jane Doe v. Uber, et. al.**
**Case No. 3:19-cv-03310-JSC**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place. My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as:

**PLAINTIFF'S MOTION FOR AN AWARD OF SANCTIONS AGAINST UBER TECHNOLOGIES, INC. AND ITS COUNSEL; DECLARATION OF MATTHEW D. DAVIS; PROPOSED ORDER**

to:

| | |
|---|---|
| Julie Hussey, Esq.<br>Julian Feldbein-Vinderman, Esq.<br>Perkins Coie LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA  92130-2080 | Attorneys for Defendants UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CQ, LLC (erroneously sued as RASIER CA, LLC)<br><br>Tel: 858-720-5750 (Hussey)<br>Tel: 858-720-5790 (Feldbein-Vinderman)<br>Office:  (858) 720-5700<br>Fax: 858-720-5850 (Hussey)<br>jhussey@perkinscoie.com<br>jfeldbeinvinderman@perkinscoie.com |

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based CA Rules of Court, Emergency Rules Related to COVID-19, Emergency rule 12 "Electronic Service" and on notice provided on March 12, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 10, 2022, at San Francisco, California.

_____
Kirsten Benzien