UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: UBER'S AMENDED MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>Re: Dkt. Nos. 164, 179 |

Uber's amended motion for issuance of letters rogatory to the Central Authority of Mexico for International Judicial Assistance to obtain the depositions of Ms. Paola Alvarez, Mr. Adan Martinez, and Ms. Lourdes Coss y Leon, all citizens of Mexico, is now pending before the Court. (Dkt. No. 179.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES March 3, 2022 hearing, and GRANTS Uber's motion.

## DISCUSSION

A letter rogatory is a formal request "from a court in which an action is pending[ ] to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through letters rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country ... under a letter of request, whether or not captioned a 'letter rogatory[.]'"). In accordance with Rule 28(b)(1)(B), "[t]he Department of State has power, directly, or through suitable channels ... to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to

the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion," *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007). A court must instead apply "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Id*. (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding a nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Uber insists that the testimony it seeks through the letters rogatory comports with Rule 26 as it seeks testimony from two of Plaintiff's friends, Ms. Alvarez and Mr. Martinez, and her sister, Ms. Coss y Leon, regarding Plaintiff's factual allegations and the damages sought.  In particular, Uber seeks testimony regarding: "(1) any information that Plaintiff confided to them relating to the incident, including her failure to identify the correct vehicle, following the incident; and (2) Plaintiff's habits, activities, mood, phobias, appetite, energy level, and relationships, since the August 14, 2018 incident." (Dkt. No. 179 at 11.)  In addition, Uber seeks testimony from Ms. Coss y Leon regarding "(1) her history of ordering Ubers on Plaintiff's behalf prior to the alleged incident on August 14, 2018; and (2) Plaintiff's history of using Uber prior to the alleged incident on August 14, 2018."  (*Id.*)

Plaintiff does not dispute that Ms. Alvarez, Mr. Martinez, Ms. Coss y Leon's testimony is relevant or otherwise object to the scope of testimony sought. (Dkt. No. 170.) Rather, Plaintiff notes that Uber's request comes after the discovery cut-off.[1]

Civil Local Rule 37-3 states that "'discovery cut-off' is the date by which all responses to

---

[1] Plaintiff's "non-opposition" does not address Uber's request to depose Ms. Coss y Leon.  (Dkt. No. 170.)

written discovery are due and by which all depositions must be concluded." However, the rule also provides that depositions may occur "after the applicable discovery cut-off…by order of the Court for good cause shown." As with Uber's prior motion for issuance of letters rogatory, the Court finds that the unique circumstances here constitute good cause for Uber to obtain Ms. Alvarez, Mr. Martinez, Ms. Coss y Leon's depositions after the fact discovery cut-off.

First, Uber contends that it "needed the benefit of Plaintiff's deposition testimony regarding the nature, substance, and extent of her alleged conversations with these three witnesses regarding the incident and her history using the Uber platform before deciding whether to incur the time and expense of going through the full letter rogatory process and deposing them." (Dkt. No. 179 at 10.) Because Plaintiff's deposition was delayed—at Plaintiff's request—until after the fact discovery cut-off, Uber was not dilatory in not discovering this information earlier. Second, as Uber notes, obtaining deposition testimony via letter rogatory is a time-consuming process which requires cooperation from domestic and foreign governmental entities, and as such, Uber waited until it was reasonably certain it would need this testimony before pursuing the letters rogatory process. *See Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct*., 482 U.S. 522, 542 (1987) (describing the letter rogatory process as "unduly time consuming and expensive."). Finally, because Plaintiff's counsel has indicated that it does not currently represent these witnesses and lacks authority to accept subpoenas on their behalf, the only legal means for Uber to seek their depositions is through the letter rogatory process.

As there is no dispute that Ms. Alvarez, Mr. Martinez, Ms. Coss y Leon's testimony is relevant, the Court GRANTS Uber's motion for issuance of letters rogatory, and finds that there is good cause for Uber to take Ms. Alvarez, Mr. Martinez, Ms. Coss y Leon's depositions after the discovery cut-off.

This Order disposes of Docket Nos. 164, 179.

**IT IS SO ORDERED.**

Dated: February 24, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3