LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
KELSEY CONSTANTIN (State Bar #336666)
kconstantin@WalkupLawOffice.com
**ATTORNEYS FOR PLAINTIFF JANE DOE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LCC, RASIER CA, LLC,<br><br>Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Date: March 11, 2022<br>Time: 10:00 a.m.<br>Crtrm.: E<br><br>**Assigned to Magistrate Judge Jacqueline Scott Corley**<br><br>Action Filed: June 12, 2019<br>Trial Date: September 12, 2022 |

## I.   INTRODUCTION

Ms. Doe experienced a horrific ordeal and continues to suffer from PTSD and is easily triggered and that can be crippling. More than three years later, she at times still breaks down into uncontrollable sobbing when she discusses topics related to the incident. Her boyfriend, Cuauhtli Padilla, is her rock. Ever since the beginning of Ms. Doe's relationship with her counsel, her boyfriend has been there to support

her and to translate the communications. Without his assistance, Ms. Doe's counsel would not have been able to accomplish the objectives of the representation throughout this matter.

This motion presents multiple issues that, if time permitted, might be raised via other procedural vehicles, including a motion for a protective order pursuant to Federal Rules of Civil Procedure 30(d)(3). Due to timing constraints, these various issues have been informally combined in the present motion, but Plaintiff asks the Court to consider these substantive issues on their merits.

## II.   RELEVANT FACTUAL BACKGROUND

On August 14, 2018, Plaintiff Jane Doe was the victim of a violent sexual assault. [Davis decl. at ¶2.] Ms. Doe has consistently described a harrowing event. She was 20 years old at the time of the assault. She stands about 5 feet tall and weighs less than 100 lbs. Her assailant is over 6 feet tall and athletic. Her assailant drove her to a secluded turnout in the mountains. He pinned her down in the rear seat of the car and strangled her until she submitted to his sexual assault. She told the assailant that she was pregnant, which was a false statement, and this apparently caused him to interrupt the assault. He then started driving to another location and muttered things that caused Ms. Doe to believe that he was going to rape her again and then murder her. As he was pulling into a parking lot Ms. Doe managed to open a door and jump out of the car. The assailant initially stopped the car, but when a passerby came to Ms. Doe's assistance, the assailant fled the scene in his car. He was not apprehended at that time. [*Id*. at ¶3.]

The initial contact to plaintiff's counsel's office on behalf of Ms. Doe was made by her boyfriend, Mr. Padilla. When Ms. Doe's counsel first with met her on or about August 23, 2018, Mr. Padilla was present. [*Id*. at ¶¶4-5.] During the initial interaction with Ms. Doe, Mr. Padilla provided emotional support with remarkable tenderness and kindness. He comforted Ms. Doe each time she broke down in tears, which occurred on several occasions. He also translated during the meeting. [*Id*. at

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2

PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL
DEPOSITION TESTIMONY - CASE NO. 3:19-cv-03310-JSC

1  ¶¶6-7.]

2  In the numerous occasions plaintiff's counsel has communicated with Ms. Doe
3  since the initial meeting, Mr. Padilla's presence has been necessary both to facilitate
4  effective communication through translation and to provide emotional support. [*Id.*
5  at ¶¶8-9.]

6  Uber's counsel deposed Mr. Padilla on February 9, 2022. [*Id.* at ¶25.] When
7  Uber's counsel asked Mr. Padilla about communications he helped facilitate between
8  Ms. Doe and her counsel, Plaintiff's counsel made the following offer:

> So Mr. Padilla was serving as both a translator and emotional support for the plaintiff, and so he was a necessary party to the attorney-client communication. And I could instruct him not to answer on that basis; however, I understand he's also a fact witness in the case and I would permit him to answer these questions provided Uber stipulate that's not a waiver of the attorney-client privilege with respect to the plaintiff. [*Id.* at 237:11-20.][1]

Uber declined to enter this stipulation. [*Id.* at ¶¶26-27.]

### III. ARGUMENT

#### A. Federal Procedural Law Applies, but California Law Applies to Privilege and Privacy

In a case like this one, questions of privilege and privacy are controlled by state law, whereas procedural questions are governed by Federal law. See Fed. R. Evid. 501; *In re California Public Utilities Com'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law."); *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) ("To the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery.")

The applicable procedural standard is that, as a general rule, "instructions not to answer questions at a deposition are improper." *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D.Cal.2000). Under Federal Rule of Civil

---

[1] Ms. Doe confirmed that Mr. Padilla both translated and provided emotional support during her communications with counsel. [Doe deposition at 101:6-10.]

Procedure 30(c)(2), a party may instruct a deponent not to answer only when necessary: (1) to preserve a privilege, (2) to enforce a limitation ordered by the court, or (3) to present a motion under Rule 30(d)(3)—specifically, a motion to terminate or limit the deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed.R.Civ.P. 30(c)(2), (d)(3). There is "a substantial preference for requiring that deponents apply to the court for protection rather than simply refusing to answer questions." *Brincko v. Rio Properties, Inc.*, 278 F.R.D. 576, 584 (D. Nev. 2011) citing 8A Wright, Miller and Marcus, Federal Practice and Procedure, 3d Ed. Civil § 2113, p. 589. However, "it would be 'unduly draconian' to find that a failure to file a motion under Rule 30(d) precludes consideration of the matter on the merits. Id. This is particularly true here, given that Uber raised this issue with the Court during the deposition via its informal discovery resolution process, and there was no opportunity to plaintiff to first request a protective order. (See Davis Declaration paragraph 39.)

### B. When Plaintiff's Counsel Instructed Not to Answer, It was On the Proper Grounds of Privilege, Privacy, and Abusive Questioning

When plaintiff's counsel instructed Mr. Padilla not to answer questions, it was because those questions (1) improperly sought privileged information where Ms. Doe's boyfriend was acting as her agent for the purpose of relaying privileged communications, or (2) were designed to embarrass, abuse, and oppress by seeking, for example, detailed information about plaintiff's and Mr. Padilla's sexual practices. For example, after asking about the frequency with which Mr. Padilla and the plaintiff had sexual intercourse prior to the incident, defense counsel pressed, "Was this -- was this vaginal sex? Oral sex? Anal sex?" [Davis decl. ¶25.]

### C. Plaintiff's Counsel Properly Limited Questioning Regarding Ms. Doe's Sexual History

Rule 412 applies in both civil and criminal cases and it safeguards victims of sexual violence against overly intrusive questioning regarding their sexual practices.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY - CASE NO. 3:19-cv-03310-JSC

The advisory committee notes to the 1994 amendments to Rule 412 provide insight into the purpose of the Rule and its applicability to discovery:

> [Rule 412] aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.
>
> Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim.
>
> ...
>
> Past sexual activities connotes all activities that involve actual physical conduct, i.e. sexual intercourse or sexual contact. [Citations.]
>
> ...
>
> [Rule 412] also exclude[s] all other evidence relating to an alleged victim of sexual misconduct that is offered to prove a sexual predisposition. This amendment is designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder. Admission of such evidence would contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safe guarding the victim against stereotypical thinking. Consequently, unless the (b)(2) exception is satisfied, evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible.
>
> ...
>
> The reason for extending Rule 412 to civil cases is equally obvious. The need to protect alleged victims against invasions of privacy, potential embarrassment, and unwarranted sexual stereotyping, and the wish to encourage victims to come forward when they have been sexually molested do not disappear because the context has shifted from a criminal prosecution to a claim for damages or injunctive relief. There is a strong social policy in not only punishing those who engage in sexual misconduct, but in also providing relief to the victim. Thus Rule 4–12

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

5
PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY - CASE NO. 3:19-cv-03310-JSC

> applies in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment.

FED.R.EVID. 412 Advisory Committee's notes.

Although Rule 412 governs the admissibility of sexual behavior evidence rather than its discoverability, Courts apply the principles underlying the Rule to questions of discoverability as well. See *Doe v. City of San Diego*, No. 12-CV-0689-MMA DHB, 2013 WL 3989193, at *3–4 (S.D. Cal. Aug. 1, 2013) (citing numerous cases to support the conclusion that the majority of district courts that have addressed whether Rule 412 is applicable to discovery have held that it is relevant in the resolution of a discovery dispute.) In *Doe v. City of San Diego*, the court concluded that "inquiry into Plaintiff's sexual history and behavior is reasonably calculated to lead to the discovery of admissible evidence [because] Plaintiff has alleged that the sexual assault perpetrated by Defendant Arevalos has caused her to suffer emotional distress, among other things." *Doe v. City of San Diego*, No. 12-CV-0689-MMA DHB, 2013 WL 3989193, at *5 (S.D. Cal. Aug. 1, 2013). Nevertheless the court went on: "the question becomes whether the discovery should be precluded under Rule 26, notwithstanding its relevance" and it the court ultimately limited deposition questioning finding that: "Such testimony on the topics proposed by Defendants would be unduly intrusive and embarrassing." *Doe v. City of San Diego*, No. 12-CV-0689-MMA DHB, 2013 WL 3989193, at *5 (S.D. Cal. Aug. 1, 2013).

Moreover, Mr. Padilla is not a party to this action. Under California law, he has privacy rights with respect to his sexual activities. See, e.g., *Britt v. Superior Court*, 20 Cal.3d 844, 864 (1978) ("the First Amendment provides substantial protection of an individual's interest in associational privacy and that it places severe restrictions on state-compelled disclosure of private affiliations and activities"). Federal courts recognize a constitutional right to privacy encompassing a right to nondisclosure of one's personal information. See also *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. Dec. 21, 2012) (citing *Whalen v. Roe*, 429 U.S. 589, 599, 97

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6
PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY - CASE NO. 3:19-cv-03310-JSC

S.Ct. 869, 51 L.Ed.2d 64 (1977)); *Laub v. Horbaczewski*, 331 F.R.D. 516, 522 (C.D. Cal. 2019) (resolution of privacy objections generally requires balancing the need for the particular information against the privacy right asserted).

### D. The Attorney-Client Privilege Extends to Plaintiff's Boyfriend Because, Under the Totality of the Circumstances, He Was a Necessary Party to Those Communications.

Under California law, a "confidential communication between client and lawyer" is privileged from disclosure. Cal. Evid. Code § 954. A communication falls within the scope of this privilege if it is information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship. *Id.* § 952. *Snyder v. Alight Sols., LLC*, No. 821CV00187CJCKESX, 2021 WL 6103185, at *2 (C.D. Cal. Dec. 8, 2021)

Here, Ms. Doe speaks limited English and was and remains severely traumatized by what happened. As a victim of a violent sexual assault, she needed the physical presence of her devoted boyfriend to overcome the frequent emotional breakdowns that are triggered when discussing topics related to the incident. She trusted him over everyone else. He also was needed to help translate. It would have been impossible for counsel to effectively communicate with Ms. Doe without his presence. Mr. Padilla's presence was "reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." Cal. Evid. Code § 952.. The attorney-client privilege applies to communications that are made through an interpreter. *See City & County of San Francisco v. Superior Court In and For City and County of San Francisco*, 37 Cal.2d 227, 237 (1951); *see also U.S. v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961).

In arguing that communications with a client's boyfriend do not create a privileged relationship, Defendant relies on *Integon Preferred Insurance Company v. Saavedra*, No. CV 18-6689-GW(RAOX), 2019 WL 13075956, at *1 (C.D. Cal. Oct. 24, 2019). Yet, as quoted by Defense counsel in their motion, that court in that case recognized that the boyfriend was not "a language translator." The same is not true here.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff requests that the motion be denied.

Dated:  March 9, 2022                    WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MATTHEW D. DAVIS
SARA M. PETERS
ANDREW P. McDEVITT
KELSEY CONSTANTIN
Attorneys for PLAINTIFF JANE DOE

# CERTIFICATE OF SERVICE
**Jane Doe v. Uber, et. al.**
**Case No. 3:19-cv-03310-JSC**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the county where the mailing took place. My business address is 650 California Street, 26th Floor, City and County of San Francisco, CA 94108-2615.

On the date set forth below, I caused to be served true copies of the following document(s) described as:

**PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY**

to:

| | |
|---|---|
| Julie Hussey, Esq.<br>Julian Feldbein-Vinderman, Esq.<br>Perkins Coie LLP<br>11452 El Camino Real, Suite 300<br>San Diego, CA  92130-2080 | Attorneys for Defendants UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CQ, LLC (erroneously sued as RASIER CA, LLC)<br><br>Tel: 858-720-5750 (Hussey)<br>Tel: 858-720-5790 (Feldbein-Vinderman)<br>Office:  (858) 720-5700<br>Fax: 858-720-5850 (Hussey)<br>jhussey@perkinscoie.com<br>jfeldbeinvinderman@perkinscoie.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address kbenzien@walkuplawoffice.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based CA Rules of Court, Emergency Rules Related to COVID-19, Emergency rule 12 "Electronic Service" and on notice provided on March 12, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 9, 2022, at San Francisco, California.

*/s/ Kirsten Benzien*
Kirsten Benzien

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1
PLAINTIFF JANE DOE'S BOYFRIEND'S OPPOSIITON TO DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY - CASE NO. 3:19-cv-03310-JSC