UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

    Defendants.

Case No. 19-cv-03310-JSC

**ORDER RE: MOTION FOR PROTECTION**

Re: Dkt. No. 169

Jane Doe brings a negligence claim against Uber and its wholly owned subsidiaries Rasier, LLC and Rasier CA, LLC (collectively "Uber") arising from an assault by a former Uber driver posing as a current Uber driver. Uber's motion for an order of protection is now pending before the Court. (Dkt. No. 169.) Uber seeks an order prohibiting Plaintiff's counsel from making extrajudicial statements to third parties, including the media, regarding this action. After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Uber's motion.

## DISCUSSION

"Prior restraints 'are the most serious and the least tolerable infringement on First Amendment rights.'" *In re Dan Farr Prods*., 874 F.3d 590, 596 (9th Cir. 2017) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)). In *Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 591 (9th Cir. 1985), the Ninth Circuit held that a district court order prohibiting an attorney from making public comments on a case "is properly characterized as a prior restraint," which is "subject to strict scrutiny because of the peculiar dangers presented by such restraints." *Id*. at 595. Under *Levine*, such an order may only be imposed if "(1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a

protected competing interest; (2) the order is narrowly drawn; and (3) less restrictive alternatives are not available." *Id*. (citations omitted).  The Supreme Court has since reframed the first part of this test replacing "clear and present danger" with a "substantial likelihood of material prejudice" standard, which it maintains "constitutes a constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991); *see also Clifford v. Trump*, No. 18-02217 SJO (FFMx), 2018 WL 5273913, at *3 (C.D. Cal. July 31, 2018) ("*Levine's* requirement that prohibited extrajudicial speech must present 'a serious and imminent threat to the administration of justice' no longer applies to attorneys presently participating in a proceeding before a court. Instead, these attorneys are subject to the requirement that the statements are 'substantially likely to have a materially prejudicial effect' on that proceeding").

Uber seeks an order restricting Plaintiff's counsel from "making an extra-judicial statements regarding this case, including to the media or any other public bodies" regarding (1) "the character, credibility, or reputation of a party"; (2) "the identity of a witness or their expected testimony"; (3) the contents of any statements made by a defendant or the refusal or failure to make a statement; (4) the "identity or nature of physical evidence"; (5) the "strengths or weaknesses of the case of either party"; and (6) "[a]ny other information Plaintiff's counsel knows or reasonably should know is likely to be inadmissible as evidence and would create a substantial risk of prejudice if disclosed." (Dkt. No. 169 at 14.)  Uber contends that such an order is necessary given Plaintiff's prior conduct in this action; in particular, Plaintiff's actions which resulted in an "inflammatory opinion piece" in the New York Times, and Plaintiff's letter to the California Public Utilities Commission ("CPUC") and various third parties which included several misstatements and misleading deposition excerpts from this case. (*Id.* at 6, 12-13.)

The order Uber seeks is unquestionably a prior restraint on speech.  As such, the Court can only issue such an order if (1) there is a substantial likelihood of material prejudice absent such an order, (2) the order is narrowly drawn, and (3) there are no less restrictive alternatives available. Uber's request fails to satisfy any element of this test.

**1. Substantial Likelihood of Material Prejudice**

To determine whether there is a substantial likelihood of material prejudice to the administration of justice, courts focus on whether the amount of publicity creates a "circus-like environment" which "threatens the integrity of the judicial system." *Levine*, 764 F.2d at 598. Uber's insistence that counsels' conduct here mirrors that in *Levine* is unpersuasive.

In *Levine*, the defendant was a former special agent with the Federal Bureau of Investigation who was arrested and charged with espionage. *Id*. at 592. "The criminal proceedings against [the defendant] received extensive local and national media coverage." *Id*. at 593. The court twice admonished defense counsel "to maintain an atmosphere in which a fair trial could be conducted." *Id.* Notwithstanding this warning, defense counsel began to discuss trial strategy and the implications of various court decisions with reporters for the Los Angeles Times. *Id*. at 592-93. The district court subsequently granted the government's motion for a protective order prohibiting either party's attorneys from speaking to the news media regarding "any aspect of this case that bears upon the merits to be resolved by the jury." *Id.* at 593. On review, the Ninth Circuit found that "the record support[ed] the district court's conclusion that the activity restrained [posed] a serious and imminent threat to the administration of justice" given the widespread media attention the case had received. *Id*. at 598.

*Levine* is inapposite in several respects. First, the district court's order followed "extensive local and national media coverage." Here, Uber identifies a single New York Times opinion piece which was shared 56 times on Twitter. (Dkt. No. 169 at 12.) While Uber also relies on Plaintiff's letter to the CPUC which was shared with third parties, including the San Francisco City Attorney and the Rape, Abuse & Incest National Network, and allegedly contained misleading information regarding Uber's past policies, Uber has not demonstrated that this letter to the CPUC generated media attention or publicity. Second, the *Levine* court had repeatedly admonished defense counsel regarding their conduct. Not so here. Finally, the nature of the publicity here is not comparable to that in *Levine*. In *Levine*, the LA Times article was published shortly before trial and included accusations that the FBI had exaggerated the evidence in the case, that there was no evidence that he had committed espionage, and set forth the defense theory of the case in detail. *Levine*, 764 F.2d at 592. Here, in contrast, trial is months away and Plaintiff's counsels' alleged misstatements

3

concern Uber's practices generally with respect to rider safety and sexual assaults. While the New York Times article mentions this case, it does so in the context of publicly filed documents and not attorney arguments regarding Uber's litigation strategy or the strengths and weaknesses of Uber's case. (Dkt. No. 161-1.) *See San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose),* 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

Limitations on permissible attorney speech "are aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." *Gentile*, 501 U.S. at 1075. Uber has not shown that Plaintiff's counsel's comments rise to this level. As such, Uber has failed to demonstrate there is a substantial likelihood of material prejudice to the administration of justice absent a protective order.

**2. Narrowly Drawn**

The proposed protective order is also not narrowly drawn. "[T]he regulation of attorneys' speech is limited—it applies only to speech that is substantially likely to have a materially prejudicial effect; it is neutral as to points of view, applying equally to all attorneys participating in a pending case; and it merely postpones the attorneys' comments until after the trial." *Gentile*, 501 U.S. at 1076. The speech Uber seeks to restrain here is exceptionally broad in scope, precluding Plaintiff's counsel from "making **any** extra-judicial statements regarding this case, including to the media or any other public bodies, regarding," among other things, the character, credibility, or reputation of a party and/or their respective counsel, and the contents of any testimony, admission, or statement given by a defendant or that person's refusal or failure to make a statement. (Dkt. No. 169-2 (emphasis added).) Uber's lament that its proposed order is based on that which the Ninth Circuit approved in *Levine* is unavailing. As noted above, there are several distinguishing features between this case and *Levine*. Further, and perhaps most troublingly, the proposed protective order here is only to one party—Plaintiff's counsel. *See Clifford*, 2018 WL 5273913, at *5 (rejecting similar proposed protective order because it was "specific to only one party [and] plausibly prohibits Mr. Avenatti from commenting on matters

that are not substantially likely to have a materially prejudicial effect on these proceedings.").

In sum, the proposed protective order is not narrowly tailored so as to only limit that speech which is "substantially likely to have a materially prejudicial effect." *Gentile*, 501 U.S. at 1076.

### 3. Less Restrictive Alternatives

Finally, there are less restrictive alternatives available. *See In re Dan Farr Prods.*, 874 F.3d 590, 595 (9th Cir. 2017) (internal citation and quotation marks omitted) ("We have previously approved voir dire, jury instructions, delay, change of venue or jury sequestration" as appropriate alternatives preferable to censorship."). Uber will have ample opportunity to conduct voir dire to explore the issue of juror taint and the Court will give jury instructions reminding the jurors of their obligation to decide the case based on the evidence presented at trial alone. *See, e.g.,* Ninth Circuit Model Jury Instr. 3.2. Further, Plaintiff's counsel is required to follow the Rules of Professional Conduct of the State Bar of California and this Court's local rules. *See, e.g.*, Cal. Rule Prof. Conduct 3.6; N.D. Civil L.R. 11-4.

## CONCLUSION

For the foregoing reasons, Uber's motion for a protective order is DENIED. Unless or until Uber can demonstrate that Plaintiff's counsel's statements are substantially likely to impact its right to a fair trial in this action, a prior restraint is impermissible.

This Order disposes of Docket No. 169.

**IT IS SO ORDERED.**

Dated: March 11, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge