UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: UBER'S MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 165, 172 |

Uber's motion to compel to Plaintiff to respond a request for the production of documents and Plaintiff's motion for sanctions based on Uber's motion to compel are pending before the Court. (Dkt. Nos. 165, 172.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, and DENIES Uber's motion to compel and GRANTS IN PART Plaintiff's motion for sanctions for the reasons set forth below.

**DISCUSSION**

**A. Uber's Motion to Compel**

On January 29, 2022, Uber moved to compel responses to a discovery request that it served on plaintiff eight days earlier. (Dkt. No. 165.) Uber's motion is procedurally improper on multiple levels.

First, the underlying discovery request was untimely. On November 18, 2021, the Court extended the fact discovery deadline to January 21, 2022, but stated that no new discovery was allowed. (Dkt. No. 145 at 4-5 ("this is extending the discovery cutoff to complete the discovery that's been served, but no new discovery.").) Uber's contention that it only discovered the need for the document request after the Court ruled that no new discovery was allowed is of no moment. Even assuming this is true, Uber had ample opportunity to ask the Court for leave to issue new

1  discovery requests.  Indeed, Uber has already done so twice with respect to requests for issuance
2  of letters rogatory and the Court has granted leave each time.  (Dkt. No. 156 at 3 ("[t]he Court
3  finds that the unique circumstances here constitute good cause for Uber to obtain Mr. Padilla's
4  deposition after the fact discovery cut-off."); (Dkt. No. 181 at 3 (same with respect to three other
5  depositions).)  Further, the New York Times article and California Public Utilities Commission
6  letter which purportedly prompted Uber's belated request were dated December 22, 2021, and
7  January 5, 2022, respectively.  (Dkt. Nos. 171-3, 171-4.)   Uber offers no explanation for why it
8  did not ask the Court for leave to seek discovery regarding Plaintiff's communications with third
9  parties—leave it both knew it was required to obtain and had obtained previously.  Its failure to
10 request leave was not because it was awaiting Plaintiff's consent to the discovery request; it did
11 not seek consent until January 19, 2022—two weeks after the CPUC letter and one day before it
12 issued the discovery request.  Instead, Uber simply served the discovery request in violation of this
13 Court's Order and Local Rule 37-3.
14         Second, even if the underlying discovery request was timely, the motion to compel was
15 not.  The motion was filed before Plaintiff's time to respond had run.  *See* Fed. R. Civ. Pro.
16 34(b)(2)(A).  And it was filed in violation of Rule 37's requirement that parties meet and confer in
17 good faith prior to filing a motion to compel and provide a certification of such meet and confer
18 with any motion to compel, as well as in violation of Local Rule 37-1(a) and this Court's Standing
19 Order, both of which require parties to meet and confer prior to filing a discovery dispute.  *See*
20 Fed. R. Civ. Pro. 37(a)(1).  Uber's lament that it had to file the motion before the response
21 deadline so as to avoid waiver because motions to compel must be filed seven days after the close
22 of discovery under Local Rule 37-3 is not well-taken.  If Uber had requested leave from the Court
23 to issue the discovery—as it was required to do—there would have been no issue.  Instead, Uber
24 doubled down on one bad calculation after another by moving to compel a response to a discovery
25 request that was improper in the first place before the discovery response was even due.
26         Uber's motion to compel is denied.
27 **B. Plaintiff's Motion for Sanctions**
28         Under Federal Rule of Civil Procedure 37(a)(5)(B), if the Court denies a motion to compel

the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the motion to compel was substantially justified or other circumstances would make an award unjust. As the foregoing establishes, neither of the exceptions applies here and thus the Court must award sanctions.

Plaintiff's requested sanctions, however, are excessive. Plaintiff seeks $10,500 for "at least" 14 hours of work. (Dkt. No. 172-1 at ¶ 9.) This amount is unreasonable in at least two respects. First, it should not have taken 10 hours for Plaintiff to oppose to what she labels a "facially invalid" motion to compel. (Dkt. No. 171 at 6.) Second, Mr. Davis, the lead partner on the case, should have delegated work opposing such a "patently improper" motion to compel to a junior associate. (*Id*. at 7.) Accordingly, the Court exercises its discretion and awards $5,000 in sanctions. *See O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547–48 (9th Cir. 2013) ("Sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge."). Uber shall remit payment in this amount to Plaintiff's counsel within 21 days of the date of this Order.

Uber's administrative motion to seal portions of its opposition to Plaintiff's motion for sanctions is DENIED because as set forth in Docket No. 191 no party has submitted a declaration establishing that any portion of the quoted deposition testimony is properly sealable. (Dkt. No. 182.)

This Order disposes of Docket Nos. 165, 172, and 182.

**IT IS SO ORDERED.**

Dated: March 11, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge