UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: UBER'S MOTIONS TO COMPEL FURTHER DEPOSITIONS**<br><br>Re: Dkt. Nos. 192, 193 |

On February 9 and 10, 2022, Uber took the depositions of Plaintiff's boyfriend and Plaintiff, respectively. These depositions had been rescheduled at Plaintiff's counsel's request from their original date in January 2022. Uber contends that Plaintiff's counsel's improper objections impeded its ability to conduct the depositions and thus moves to compel further depositions of both Plaintiff and her boyfriend. (Dkt. Nos. 192, 193.) Having considered the parties' briefs and the relevant legal authority, reviewed the deposition transcripts and the video of Plaintiff's deposition, the Court GRANTS Uber's motions as set forth below.

**DISCUSSION**

During a deposition, an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Instructions not to answer questions at a deposition are improper except in limited circumstances. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). While a deposition is generally limited to one day of seven hours "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or

any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). "The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

## A. Plaintiff's Deposition

Uber contends that Plaintiff's counsel improperly instructed Plaintiff not to answer questions on the grounds of (1) privilege; (2) relevance; and (3) harassment. Uber further contends that counsel's improper speaking objections as well as Plaintiff's use of an interpreter precluded Uber from completing the deposition.

### 1. Improper Instructions Not to Answer

#### a) Instructions Not to Answer Based on Privilege

An attorney may instruct a witness not to answer a deposition question where doing so would reveal privileged information. Fed. R. Civ. P. 30(c)(2). California law governs this privilege dispute. *See In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law"). Under California law, the attorney-client privilege is governed by statute. *See Behunin v. Superior Court*, 9 Cal. App. 5th 833, 843 (2017) (discussing Cal. Evid. Code §§ 952, 954 and 912). Section 952 defines a confidential attorney-client communication as:

> [A] "confidential communication between client and lawyer" means information transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Cal. Evid. Code §§ 952. The scope of attorney-client privilege must be construed narrowly. *See McKesson HBOC, Inc. v. Superior Court*, 115 Cal. App. 4th 1229, 1236 (2004) (collecting cases). Further, the party asserting a privilege to resist discovery must show that the requested disclosure falls within the scope of the asserted privilege. *See Costco Wholesale Corp. v. Superior Court*, 47

1   Cal. 4th 725, 733 (2009).

2         Plaintiff has not established that the questions Plaintiff's counsel instructed Plaintiff not to
3   answer sought privileged information.  The majority of the questions sought factual information
4   which is not privileged.  *See Benge v. Superior Ct.*, 131 Cal. App. 3d 336, 349 (1982) ("the
5   attorney-client privilege only protects disclosure of communications; it does not protect disclosure
6   of the underlying facts upon which the communications are based."); *see also Mitchell v. Superior*
7   *Ct.*, 37 Cal. 3d 591, 601 n.3 (1984) (distinguishing between factual information which is not
8   privileged and legal advice which is).  For example,  Plaintiff's counsel instructed Plaintiff not to
9   answer questions as to why, in her own words, she sued Uber; the names of translators she utilize;
10  the timing of when she learned the driver had not been utilizing the Uber driver app; whether the
11  fact that the driver did not have access to the driver version of the Uber app is an important piece
12  of information; what she seeks to gain or recover from her lawsuit; when she signed a retainer
13  agreement; among others.  None of these questions comes close to warranting an instruction not to
14  answer on privilege grounds.  *See Costco Wholesale Corp.*, 47 Cal. 4th at 733 ("the privilege
15  attaches to any *legal advice* given in the course of an attorney-client relationship.") (emphasis
16  added).  Counsel does not get to instruct a witness not to answer because he does not like the
17  question.

18  **b) Instructions Not to Answer Based on Relevance or Harassment**

19        Counsel's other instructions not to answer—based on relevance and harassment—were
20  similarly improper.  *See Holloway v. Cty. of Orange*, No. 19-01514 DOC (DFMx), 2021 WL
21  430697, at *5 (C.D. Cal. Jan. 11, 2021) (noting that instructions not to answer based on relevance
22  and harassment are improper and collecting cases). Federal Rule of Civil Procedure 30(c)(2)
23  allows a deponent to end the examination where deposing counsel acts "in bad faith" or
24  "unreasonably annoys, embarrasses, or oppresses the deponent or party," but it does "not allow a
25  party to refuse to answer on that basis." *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 15-
26  02034 JVS (JCGx), 2017 WL 10562691, at *4 (C.D. Cal. Aug. 7, 2017).  In any event, there is
27  nothing improper about asking a plaintiff why she filed her lawsuit.

28        Plaintiff's reliance on the Northern District of California's Guidelines for Professional

Conduct is misplaced. *See* https://cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited March 10, 2022). The Guidelines are just that, guidelines; they do not constitute the governing law on when counsel may instruct a witness not to answer. In fact, the Guidelines state that "[t]hese Guidelines should be read in the context of the Federal Rules of Civil Procedure, [and] the Local Rules of the United States District Court for the Northern District of California." *Id.* Rule 30 is clear: "[a] person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. 30(c)(2) (emphasis added). But, more importantly, contrary to counsel's argument, none of Uber's questions was "manifestly irrelevant."

*\*\*\**

Accordingly, Plaintiff's counsel's instructions that Plaintiff not respond to questions were improper. However, the Court agrees with Plaintiff that it was improper for Uber's counsel to instruct Plaintiff that she did not have to use an interpreter. Plaintiff's comfortableness with English and preference for an interpreter is a matter for Plaintiff and her counsel or, if necessary, the Court; Uber's counsel may not give instructions to Plaintiff regarding her use of an interpreter.

**2. Uber's Inability to Complete the Deposition**

In addition to challenging Plaintiff's counsel's instructions not to answer, Uber insists that it was unable to complete the deposition because (1) the deposition proceeded much more slowly due to the presence of an interpreter, and (2) Plaintiff's counsel's speaking objections delayed the deposition. With respect to the interpretation issue, this was not news to Uber. The necessity of an interpreter—and the selection of the interpreter—was the subject of motion practice before the Court. (Dkt. Nos. 126, 131, 157, 162.) Given that interpretation always prolongs a deposition, it is inexplicable that Uber did not seek additional time in advance. Regardless, the Court need not resolve this issue as Uber has established separate grounds for reopening Plaintiff's deposition as discussed above; namely, the improper instructions not to answer. With respect to the speaking objection issue, Plaintiff's insistence that no speaking objections were made is belied by the deposition transcript. The Court orders that for the reopened depositions all objections to form are preserved and only legally proper instructions not to answer may be made on the record. *See* Fed.

4

R. Civ. P. 30(c)(2).

**B. Plaintiff's Boyfriend's Deposition**

Uber contends that Plaintiff's counsel improperly instructed Plaintiff's boyfriend not to answer questions on the grounds of (1) privilege; (2) right to privacy; and (3) harassment.

**1. Improper Instructions Not to Answer**

**a) Instructions Not to Answer Based on Privilege**

As noted above, an attorney may instruct a witness not to answer a deposition question where doing so would reveal privileged information. Fed. R. Civ. P. 30(c)(2). Uber insists Plaintiff's counsel improperly instructed Plaintiff's boyfriend not to answer questions regarding whether he had a retainer agreement with counsel, when he first spoke to Plaintiff's counsel, whether he acted as a translator for all of Plaintiff's communications with counsel, and about conversations that he had with counsel without Plaintiff present.

First, as noted above, questions about whether a party sought legal advice are not privileged—the privilege operates to protect the advice itself. *See Mitchell*, 37 Cal. 3d at 601 n.3. Second, given Plaintiff's counsel's repeated representations that they did not represent Plaintiff's boyfriend (*see, e.g.*, Dkt. No. 148-1 at 22), Uber was entitled to test the basis for the claim of privilege, i.e., when the attorney-client relationship commenced. *See Coy v. Superior Ct. of Contra Costa Cty.*, 58 Cal. 2d 210, 219–20 (1962) (holding that attorney-client privilege does not cover questions "seek[ing] to establish the date on which the defendants met with Bebich, apparently for the purpose of determining when the defendants first conceived the idea of filing an allegedly improper action against plaintiff. Such date is not a matter 'communicated' by the client to his attorney in the course of the professional relationship, or at all."). Third, to the extent that Plaintiff invokes attorney-client privilege based on Plaintiff's boyfriend acting as an interpreter for Plaintiff, Uber is also entitled to test that claim. *See OXY Resources California LLC v. Superior Court*, 115 Cal.App.4th 874, 890 (2004) ("While involvement of an unnecessary third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably necessary to further the purpose of the legal consultation preserves confidentiality of communication."). As such, instructions not to answer questions such as "Mr.

1  Padilla, have you acted as a translator for all of plaintiff's communications with the Walkup
2  firm?" were improper. (Dkt. No. 183-9, Padilla Depo. at 239:5-8.) Further, given that Plaintiff's
3  theory of privilege is based on Plaintiff's boyfriend's status as her interpreter (Dkt. No. 190 at
4  7:25-26), there is no basis for Plaintiff's counsel to instruct him not to respond to questions about
5  conversations he had with counsel *outside* Plaintiff's presence.

### b) Instructions Not to Answer Based on Privacy and Harassment

Uber also objects to Plaintiff's counsel's instruction that her boyfriend not respond to two questions based on privacy and harassment. These questions were: 1) have you ever been sued, and (2) what is [] growth rate? The latter referred to the growth rate of Plaintiff and her boyfriend's company. This information does not implicate Plaintiff's boyfriend's privacy rights.

California's Constitution contains an explicit protection of individual privacy, *see* Cal. Const. art. 1, sec. 1, but "this privacy right ... is not absolute." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 429 (N.D. Cal. 1999) (citing *Binder v. Superior Ct.*, 196 Cal.App.3d 893 (1987)). "[A] plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Mathews v. Becerra*, 8 Cal. 5th 756, 769 (2019) (internal citation omitted). Plaintiff's boyfriend has not articulated a legally protected privacy interest in either whether he has been sued or his company's growth rate. (Dkt. No. 190 at 4-6.)

Plaintiff's counsel instruction not to answer these questions based on harassment was improper for the same reasons discussed above with respect to Plaintiff's deposition. *See Nat.-Immunogenics Corp.*, 2017 WL 10562691, at *4.

\*\*\*

Accordingly, Plaintiff's counsel's instructions that her boyfriend not answer certain questions during his deposition was improper.

### C. Remedy

Uber seeks two types of relief in its motions to compel. First, Uber seeks an order reopening Plaintiff's deposition and that of her boyfriend as well as certain parameters regarding

United States District Court
Northern District of California

the depositions. That request is granted in part. Given the interpretation issues and counsel's obstruction at her prior deposition, the Court orders Plaintiff to sit for another six-hour deposition in person. Plaintiff's boyfriend is ordered to sit for another 1.5-hour deposition. His further deposition is limited to the issues raised in Uber's motion: the company he runs with Plaintiff, his prior involvement with lawsuits, and his communications with Plaintiff's counsel and the role he played. Both depositions shall take place at 450 Golden Gate Ave., Courtroom E so that the Court can resolve any further issues that arise. As noted above, all objections as to form are preserved and only legally proper instructions not to answer may be made on the record. *See* Fed. R. Civ. P. 30(c)(2). Plaintiff may not take a break and leave the room while a question is pending. **The parties shall file a joint statement by March 16, 2022, indicating the dates of the depositions.**

Second, Uber seeks monetary sanctions including "the full cost of [both] deposition[s], including all videographer, stenographer, travel costs, and attorneys' fees incurred." (Dkt. Nos. 183-4; 183-8.) "The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Further, if the Court grants a motion to compel discovery "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Uber shall file a detailed statement in support of its request that the Court award sanctions including the precise amount sought and supporting documentation for its request by March 18, 2022. The Court notes that unless Uber intends to disclaim any use of Plaintiff's already-taken deposition, it may not be appropriate to seek all of the costs related to the deposition. Plaintiff may file a response to Uber's request by March 25, 2022. The Court will then take the matter under submission.

## CONCLUSION

For the reasons set forth above, Uber's motions to compel are granted.

//

//

7

This Order disposes of Docket Nos. 192, 193.

**IT IS SO ORDERED.**

Dated: March 11, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge