1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  Julian Feldbein-Vinderman, Bar No. 307838
   JFeldbeinVinderman@perkinscoie.com
3  PERKINS COIE LLP
   11452 El Camino Real, Suite 300
4  San Diego, CA  92130-2080
   Telephone: 858.720.5700
5  Facsimile: 858.720.5799

6  Attorneys for Defendants Uber Technologies, Inc.,
   Rasier, LLC, and Rasier-CA, LLC
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                           SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  JANE DOE, an individual using a pseudonym, | Case No. 3:19-cv-03310-JSC |
| 13 | **JOINT MOTION TO VACATE SANCTIONS ORDER** |
| 14              Plaintiff, | |
| 15        v. | First Amended Complaint Filed: December 19, 2019 |
| 16  UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC, | Trial Date: September 12, 2022 |
| 17              Defendants. | |
| 18 | |

19      The parties respectfully request the Court vacate its March 11, 2022 order granting

20  Plaintiff's motion for sanctions (Dkt. No. 196).

21      On March 11, 2022, the parties appeared before the Court for a hearing on numerous

22  motions, including Plaintiff's Motion for Sanctions (Dkt. No. 172) and three motions to compel

23  from Defendants (Dkt. Nos. 165, 192, 193).  The Court denied Defendants' first motion to

24  compel and partially granted Plaintiff's motion for sanctions, awarding Plaintiff $5,000.  (Dkt.

25  No. 196).  The Court granted Defendants' motions to compel related to the depositions of

26  Plaintiff and her boyfriend, and instructed Defendants to file a detailed statement of costs incurred

27  in connection with those depositions.  (Dkt. No. 197).

28

1    The parties have met and conferred following the entry of the Court's orders, and seek to amicably put an end to these disputes. As such, the parties agree that Defendants will not move for sanctions or seek from Plaintiff any costs related to Defendants' motions to compel or the depositions of Plaintiff and her boyfriend. In exchange, Plaintiff agrees that she no longer wishes for an order of sanctions against Defendants and will not seek to recover the $5,000 awarded by the Court. Consequently, the parties respectfully request the Court vacate its order granting Plaintiff's motion for sanctions (Dkt. No. 196). In reliance upon Plaintiff's representations and the parties' agreement, Defendants will not be filing a motion for sanctions on March 18, 2022 related to the depositions of plaintiff and her boyfriend.

"Under [Federal Rule of Civil Procedure] 54(b), district courts have complete power over non-final orders . . . and may vacate or revise them at any time, if doing so would be consonant with equity." *Automated Packaging Sys., Inc. v. Free Flow Packaging Int'l, Inc.*, No. 18-CV-00356-EMC, 2018 WL 6251051, at *1 (N.D. Cal. Nov. 29, 2018).[1] The parties believe that vacatur is equitable for several reasons. *First*, the parties have agreed to resolve any remaining disagreements regarding the costs associated with the various motions to compel, and agree that sanctions are not appropriate. *Second*, vacating the order and putting these issues to bed will advance judicial economy and preserve litigant resources by saving the parties and the Court from additional briefing on costs and related issues. The parties do not file this motion seeking to inconvenience the Court, but rather to streamline any remaining issues.

For the above reasons, the parties request the Court vacate its order granting Plaintiff's motion for sanctions.

---

[1] Alternatively, the Court possesses equitable power to revisit prior orders under Federal Rules of Civil Procedure 59(e) and 60.

| | | |
|---|---|---|
| 1 | DATED: March 18, 2022 | **PERKINS COIE LLP** |
| 2 | | By: */s/ Julie L. Hussey* |
| 3 | | Julie L. Hussey<br>JHussey@perkinscoie.com |
| 4 | | Julian Feldbein-Vinderman<br>JFeldbeinvinderman@perkinscoie.com |
| 5 | | Attorneys for Defendants |
| 6 | | Uber Technologies, Inc., Rasier, LLC, and Rasier CA, LLC |
| 8 | DATED: March 18, 2022 | **WALKUP, MELODIA, KELLY & SCHOENBERGER** |
| 10 | | By: */s/Matthew D. Davis* |
| 11 | | Matthew D. Davis<br>Email: mdavis@walkuplawoffice.com |
| 12 | | Sara M. Peters<br>Email: speters@walkuplawoffice.com |
| 13 | | Attorneys for Plaintiff Jane Doe |

# CERTIFICATE OF SERVICE

I, Vanessa Wilcox, hereby certify that on the date given below, I electronically filed the foregoing:

- **JOINT MOTION TO VACATE SANCTIONS ORDER**

with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

| | |
|---|---|
| WALKUP, MELODIA, KELLY & SCHOENBERGER<br>Matthew D. Davis<br>Sara M. Peters<br>Andrew P. McDevitt<br>Kelsey Constantin<br>600 California Street, 26th Floor<br>San Francisco, CA  94108-2615<br>Phone: (415) 981-7210<br>Fax: (415) 391-6965<br>Email: mdavis@walkuplawoffice.com<br>Email: speters@walkuplawoffice.com<br>Email: amcdevitt@walkuplawoffice.com<br>Email: Kconstantin@walkuplawoffice.com | Attorneys for Plaintiff,<br>Jane Doe |

Executed on March 18, 2022, at San Diego, California.

By: */s/ Vanessa Wilcox*
Vanessa Wilcox