UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br> v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>   Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: UBER'S RENEWED MOTION TO STAY**<br><br>Re: Dkt. No. 206 |

Jane Doe brings a negligence claim against Uber and its wholly owned subsidiaries Rasier, LLC and Rasier CA, LLC (collectively "Uber") arising from an assault by a former Uber driver posing as a current Uber driver. Uber's renewed motion to stay pending a decision by the California Court of Appeals in *Jane Doe Nos. 1-3 v. Uber Technologies, Inc. et al.*, No. B310131, is now pending before the Court. (Dkt. No. 206.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the May 12, 2022 hearing, and GRANTS IN PART the motion to stay.

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*

1  *v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citations and quotation omitted). A district

2  court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway*

3  *Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (identifying the "general

4  principle that a district court possesses the inherent power to control its docket and promote

5  efficient use of judicial resources") (citations omitted). The proponent of the stay has the burden of

6  proving such a discretionary stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## DISCUSSION

Uber renews its motion for a stay pending a decision from the California Court of Appeals in *Jane Doe Nos. 1-3 v. Uber Technologies, Inc. et al.*, No. B310131 (*Doe 1*). The plaintiffs in *Doe 1* alleged that they were raped by men posing as Uber drivers and brought negligence and strict products liability claims against Uber. The superior court sustained Uber's demurrer without leave to amend, concluding, as relevant here, that the plaintiffs had "not alleged any affirmative misfeasance on defendants' part, except for the failure to warn. That is nonfeasance." (Dkt. No. 108-1 at 12) (*Jane Doe No. 1 v. Uber Techs., Inc.*, No. 19STCV11874, at 8 (filed Nov. 30, 2020)).

In October 2021, the Court denied Uber's motion for a stay pending disposition of the appeal in *Doe 1* without prejudice. (Dkt. No. 124.) The Court found that while a decision from the court of appeals could be useful, there was no reason to stay proceedings at that time—in particular, to stay discovery as Uber requested—given that it was uncertain when the court of appeals would hear the appeal. (Dkt. No. 153 at 5, 19.) Uber now renews its request for a stay because the California Court of Appeals has set a May 17, 2022 hearing date and a decision is required within 90 days of the hearing date. *See* Cal. Const. art. VI, § 19; Cal. Gov't Code § 68210. Uber insists that a stay would be in the interests of judicial economy and that it will be prejudiced absent a stay. Plaintiff opposes a stay arguing that the facts here are materially different from those in *Doe 1* and that a stay would be inappropriate given the late stage of litigation.

### A. Damage and Hardship to the Parties

The first and second *Landis* factors consider the relative hardship or damage to the parties. *See CMAX, Inc.*, 300 F.2d at 268. Under *Landis*, "[a] party seeking a stay need make such a

1    showing [of hardship or inequity] only if the party opposing the stay first demonstrates that there
2    is a fair possibility that a stay will cause it injury." *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C-11-
3    0389 EMC, 2013 WL 146341, at *4 (N.D. Cal. Jan. 14, 2013) (internal quotation and citation
4    omitted); *cf. Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.
5    2007) ("'[I]f there is even a fair possibility that the stay . . . will work damage to some one else,'
6    the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'")
7    (citing *Landis*, 299 U.S. at 255).

8          While Plaintiff states that "any delay" will harm her, she does not support this statement
9    with any explanation of *how* she would be harmed.  (Dkt. No. 207 at 4.)  Further, given the case
10   schedule, there is little risk of prejudice to Plaintiff from a brief stay.  Fact discovery has closed so
11   there is no or little risk of loss of evidence.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir.
12   2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and
13   evidence will become stale."). The parties have already made their expert and rebuttal expert
14   disclosures, all that remains are expert depositions and dispositive motions.  Uber, for its part,
15   contends that proceeding with dispositive motion practice and trial will present a significant
16   hardship as it will require Uber to litigate the same issues in two fora, and because it presents a
17   risk of inconsistent rulings since the Court of Appeals decision may provide binding precedent on
18   the existence of a legal duty under these circumstances. (Dkt. No. 206 at 11.)

19         The Court is not persuaded that the issues in the two cases are as identical as Uber
20   suggests, but as previously noted, agrees that the Court of Appeals decision could be informative.
21   While this case is distinguishable from *Doe 1* given that the third-party criminal actor here was a
22   former Uber driver, Plaintiff's theory of misfeasance overlaps with the plaintiffs' theory of
23   misfeasance in *Doe I* at least in part.  That is, Plaintiff has argued that Uber changed the
24   transportation industry in a way that placed riders—women in particular—in a worse position than
25   before, and in fact, the Court denied Uber's motion to dismiss based on this theory of malfeasance.
26   (Dkt. No. 41 at 6 (denying Uber's motion to dismiss on the grounds that plaintiff had plausibly
27   alleged facts which supported an inference that the changes Uber caused to the transportation
28   industry created a foreseeable risk of harm to Plaintiff).)  Plaintiff has not disavowed this theory of

3

liability nor does Plaintiff dispute that this same theory of liability is advanced by appellants in *Doe 1*. (Dkt. No. 108-1 at 33-35.) Instead, Plaintiff suggests that the court of appeals may issue an unpublished decision which would be of no precedential value. Perhaps. But it is also possible that the court of appeals decision will address the viability of this malfeasance theory and thus narrow the issues for summary judgment and trial.

Given that Plaintiff has not articulated any harm from a stay, and Uber has made a showing of potential prejudice absent a stay—in particular, litigating a theory of malfeasance which could be narrowed by the court of appeals—the Court concludes that the first and second *Landis* factors favor a brief stay here.

**B. Orderly Course of Justice**

The third *Landis* factor "considers whether granting a stay will simplify or complicate issues before the Court." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017). Where a California Court of Appeal decision is "squarely on point, the orderly course of justice [under *Landis*] likewise weighs in favor of a stay." *Larroque v. First Advantage LNS Screening Solutions, Inc.*, No. 15-cv-04684-JSC, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016). Uber insists that a stay will advance the orderly course of justice and serve judicial economy because the court of appeals decision will provide critical guidance on the question of Uber's duty to warn or protect against the actions of third-party criminals.

As discussed above, the Court is not persuaded that the issues in this case and *Doe 1* are identical or that a decision in *Doe 1* could be dispositive here. However, given their potential overlap and the possibility that a decision in *Doe 1* will narrow Plaintiff's claim here and the evidence admissible on summary judgment and at trial, the Court "find[s] that it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case*." See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

\*\*\*

After consideration of the *Landis* factors, the Court exercises its broad discretion to manage its docket and grants a brief stay pending a decision in *Doe 1*. The stay applies **only to dispositive motions and trial**. Uber has advanced no rationale for staying expert discovery other than the compressed timeline. (Dkt. No. 208 at 6.) The stay also does not apply to Uber's efforts to depose the three witness Plaintiff identified after the close of fact discovery. However, because the schedule now has more flexibility, the Court extends the close of expert discovery to June 30, 2022.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Uber's motion for a stay pending a decision by the California court of appeals in *Jane Doe Nos. 1-3 v. Uber Technologies, Inc. et al.*, No. B310131. The current trial and dispositive motion schedule are VACATED and trial is RESET to commence on November 7, 2022. The pretrial conference will be held on October 20, 2022 at 2:00 p.m. Uber shall file its motion for summary judgment within two weeks of any decision by the court of appeals or by July 14, 2022, whichever date occurs last. There is no reason why Uber cannot prepare its motion in advance and then incorporate the court of appeals decision into its motion.

This Order disposes of Docket No. 206.

**IT IS SO ORDERED.**

Dated: May 11, 2022

JACQUELINE SCOTT CORLEY
United States District Judge

5