UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>Re: Dkt. Nos. 212, 213 |

Jane Doe brings a negligence claim against Uber and its wholly owned subsidiaries Rasier, LLC and Rasier CA, LLC (collectively "Uber") arising from an assault by a former Uber driver posing as a current Uber driver. On May 11, 2022, the Court granted in part Uber's opposed motion for a stay pending a decision from the California Court of Appeals in *Jane Doe Nos. 1-3 v. Uber Technologies, Inc. et al.*, No. B310131. (Dkt. No. 209.) Three weeks later, the California Court of Appeals issued its decision. *See Doe No. 1 v. Uber Techs., Inc.*, No. B310131, 2022 WL 1769112 (Cal. Ct. App. June 1, 2022) ("*Doe No. 1*"). Plaintiff now moves for a stay of proceedings or a continuance in light of *Doe No. 1*. (Dkt. No. 213.) After carefully considering the parties' briefs and the relevant legal authority, and having had the benefit of oral argument on June 23, 2022, the Court DENIES the motion to stay or to continue.

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go

1  forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating
2  of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*
3  *v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citations and quotation omitted). A district
4  court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway*
5  *Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (identifying the "general
6  principle that a district court possesses the inherent power to control its docket and promote
7  efficient use of judicial resources") (citations omitted). The proponent of the stay has the burden of
8  proving such a discretionary stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## DISCUSSION

Six weeks ago, the Court granted in part Uber's opposed motion to stay proceedings in light of the anticipated California court of appeals decision in *Jane Doe Nos. 1-3 v. Uber Technologies, Inc. et al.*, No. B310131, a case with some similar legal and factual claims. In particular, the Court denied Uber's request to stay expert discovery, but continued the dispositive motion and trial schedule. Three weeks later, the court of appeals issued its decision affirming the superior court's grant of Uber's demurrer without leave to amend. *Doe No. 1*, 2022 WL 1769112. As relevant here, the court concluded that the plaintiffs' complaint did not "allege actionable misfeasance, because the Uber entities' alleged actions did not create the risk that criminals would take advantage of the existence of the Uber app to abduct and rape women trying to use it. Although it is foreseeable that third parties could abuse the platform in this way, such crime must be a 'necessary component' of the Uber app or the Uber entities' actions in order for the Uber entities to be held liable, absent a special relationship between the parties" which the court found did not exist. *Id*. at *1.

Plaintiff now moves to a stay or continuance: (1) to see if the California Supreme Court accepts a not-yet-filed petition for review of the court of appeals decision in *Doe No. 1*, or depublishes the *Doe No. 1* decision, and (2) to allow Plaintiff to "adapt to the altered legal landscape." (Dkt. No. 212 at 5.) The Court finds that neither basis warrants a stay here and that Plaintiff has failed to show good cause for a continuance.

### A. Stay is Not Warranted

#### 1) Damage and Hardship to the Parties

The first and second *Landis* factors consider the relative hardship or damage to the parties. *See CMAX, Inc.*, 300 F.2d at 268. Plaintiff insists that she will be harmed if a stay is not granted because of the "significant uncertainty" the *Doe No. 1* decision created and the "plans" that are underway to seek review of the court of appeals decision. (Dkt. No. 212 at 8.)

First, the possibility that the parties in *Doe No. 1* will file a petition for review and/or a request for depublication of the court of appeals decision ***and*** that either request will be granted is simply too speculative. Plaintiff has not offered evidence that the plaintiffs in *Doe No. 1* have filed or will file a petition for review, nor that the plaintiffs in that case or Plaintiff here have requested depublication. While depublication "occurred frequently throughout the 1980s," it "has become less frequent in recent years." CAL. PRAC. GUIDE CIV. APP. & WRITS, Ch. 11-F, § 11:180 (Rutter Guide Nov. 2021 Update). In 2020, the Supreme Court depublished 26 court of appeals decisions. *See* Judicial Council of California, 2021 COURT STATISTICS REPORT STATEWIDE CASELOAD TRENDS (available at https://www.courts.ca.gov/13421.htm). Similarly, the likelihood that a petition for review will be granted—assuming one is even filed here—is equally improbable. "The Judicial Council's Annual Reports usually put the 'grant' rate at about 3.75% to 5%." CAL. PRAC. GUIDE CIV. APP. & WRITS, Ch. 13-A, § 13:18 (Rutter Guide Nov. 2021 Update).

Second, Plaintiff's argument that the *Doe No. 1* decision represents a "potential sea change" in the law is unpersuasive. (Dkt. No. 212 at 5.) To be sure, the court of appeals had a different take on the viability of Plaintiff's misfeasance claim here. *Doe No. 1*, 2022 WL 1769112, at *9 n.7 (Cal. Ct. App. June 1, 2022) ("The district court in the federal Uber action accepted the idea that the Uber entities' business model could constitute misfeasance because it 'made plaintiff's position worse' and 'created a foreseeable risk of harm from the third persons.' To the extent the federal Uber action rests on the same alleged conduct presented in the SAC, we disagree that such actions '[made] the plaintiff's position worse' or created the risk at issue in the manner necessary to establish a duty to protect under California law) (citing *Doe v. Uber Techs., In*c., No. 19-CV-03310-JSC, 2020 WL 2097599, at *3 (N.D. Cal. May 1, 2020)). However, the court of

1  appeals was equally clear that its decision was based on legal principles set forth in the California
2  Supreme Court's decision in *Weirum v. RKO General, Inc*. 15 Cal.3d 40 (1975), regarding the
3  contours of a misfeasance claim and the existence of a legal duty to protect. *Doe No. 1*, 2022 WL
4  1769112, at *9 (finding under *Weirum* "that a defendant's organization or business creates an
5  opportunity for criminal conduct against a plaintiff and thereby worsens the plaintiff's position
6  does not render such criminal conduct a necessary component of the organization's actions—even
7  when that conduct is foreseeable. Providing such an opportunity does not constitute misfeasance
8  triggering a duty to protect."). While Plaintiff maintains that the *Doe No. 1* decision constitutes a
9  significant change in the law, she does not directly address the court of appeals decision, nor has
10 Plaintiff argued that something about its interpretation of *Weirum* represents a change in
11 California law.

12     Plaintiff has thus failed to demonstrate a likelihood of harm without a stay. Uber, on the
13 other hand, argues that it will be harmed by an indefinite stay. "Generally, stays should not be
14 indefinite in nature." *See Dependable Highway*, 498 F.3d at 1066–67; *see also Pagtalunan v.*
15 *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that
16 witnesses' memories will fade and evidence will become stale."). As Uber notes, in the unlikely
17 event that a petition for review is granted, a decision from the California Supreme Court could be
18 well over a year away. CAL. PRAC. GUIDE CIV. APP. & WRITS, Ch. 13-B, §§ 13:111; 13:134;
19 13:147; 13:151.1a; 13:173.1; 13:195 (Rutter Guide Nov. 2021 Update). This case is in its final
20 stages—expert discovery closes June 30, 2022, Uber's motion for summary judgment is due July
21 14, and Uber's motion for a judgment on the pleadings—based on *Doe No. 1*—is set for hearing
22 July 28, with trial set for November 7. Plaintiff herself argued against a grant of a stay just weeks
23 ago on this same basis. (Dkt. No. 207 at 4 ("any delay in resolution will harm Plaintiff.").)

24     Given the speculative nature of Plaintiff's alleged harm and the potential prejudice to Uber
25 of a lengthy delay given the late stage of this litigation, the Court concludes that the first and
26 second *Landis* factors weigh against a stay here.

27     **2) Orderly Course of Justice**

28     The third *Landis* factor "considers whether granting a stay will simplify or complicate

4

issues before the Court." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003-BLF, 2017 WL 4934205, at *4 (N.D. Cal. Nov. 1, 2017). The orderly course of justice does not support a stay here. While a short stay in anticipation of the court of appeals decision promoted judicial economy in light of the possibility that a decision in *Doe No. 1* could narrow Plaintiff's claim here and the scope of evidence admissible at summary judgment and trial, now that the court of appeals has issued a published and binding decision, a further stay would be inappropriate. *See PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) ("When interpreting state law, federal courts are bound by decisions of the state's highest court ... In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.") (internal quotation marks and citations omitted).

\*\*\*

Accordingly, in the exercise of the Court's discretion, the Court denies Plaintiff's request for a stay.

### C. No Good Cause for a Continuance

Plaintiff's alternative request for a continuance fares no better. Because a scheduling order has been entered, Rule 16(b)'s good cause standard applies. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause" for doing so. Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

Plaintiff seeks a continuance of at least 120 days because "Plaintiff will need time to adapt to such a significant change in law. Pending more concrete direction by way of depublishment or supreme court review, Plaintiff will be unable to meet the current imminent deadlines." (Dkt. No. 212 at 10.) As a threshold matter, it is unclear what deadlines Plaintiff is unable to meet. At this point, expert discovery should be nearly completed—at Plaintiff's urging the Court denied Uber's request to stay expert discovery while awaiting a decision in *Doe No. 1* and expert discovery closes June 30. As to the other deadlines, to the extent Plaintiff seeks an extension of the deadline

5

to file her brief in response to Uber's motion for judgment on the pleadings, as discussed at oral argument, the Court dismisses the motion for judgment on the pleadings without prejudice to renewal in the context of Uber's forthcoming motion for summary judgment. Accordingly, Plaintiff's request for a continuance is denied as she has not shown what deadlines she is unable to meet despite her diligence.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a stay or continuance is DENIED. Uber's motion for a judgment on the pleadings is DISMISSED without prejudice.

Uber's motion for summary judgment shall be filed by July 14, 2022. Plaintiff shall have three weeks to file her opposition brief. The Court will set a hearing date upon receipt of the motion.

This Order disposes of Docket Nos. 21, 213, 215, 217.

**IT IS SO ORDERED.**

Dated: June 23, 2022

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States District Judge